440 P.2d 141

Bruce LOWE, Plaintiff-Appellant,

v.

Ardys LOWE, Defendant-Respondent.

No. 10034.

Supreme Court of Idaho.

April 30, 1968.

Gee, Hargraves & Armstrong, Pocatello, Dell W. Smith, Preston, for plaintiff-appellant.

Wallace M. Transtrum, Soda Springs, Byron L. Stubbs, Salt Lake City, Utah, for defendant-respondent.

TAYLOR, Justice.

Plaintiff (appellant) was granted a decree of divorce from defendant (respondent) July 26, 1962, on the ground of extreme cruelty. Custody of the minor children of the marriage, and all of the community property of the parties was awarded to the plaintiff. October 2, 1962, defendant was married to one Don Atkinson. There was evidence of an infatuation between defendant and Atkinson prior to the divorce, and that defendant had consulted with an attorney for the purpose of bringing an action against plaintiff for divorce. When this action was filed, defendant entered into the following waiver of service and stipulation, to wit:

"Comes now the defendant in the above-entitled and numbered cause and hereby waives the issuance, service and return of summons in the above-entitled matter, and voluntarily enters her appearance herein and hereby agrees that the matter may be set for trial any time and date satisfactory to plaintiff's counsel, without notice to the defendant, and be heard as a default matter, and hereby declines to plead herein and waives the notice of trial, Findings of Facts and Conclusions of Law and notice of entry of judgment herein.

"Said defendant further states that in the event the said plaintiff becomes incapacitated, is deceased, or in any way unable to care for the custody of said minor children, then and in that event only, said defendant asks that the court grant custody of said children to said defendant, and have visitation rights one day per month."

The record indicates there was no direct communication or negotiation between plaintiff and defendant, and that whatever negotiation was entered into by defendant was done by and through her mother. February 10, 1965, defendant filed a motion to "set aside and modify and alter" the decree of divorce by awarding the custody of the children to the defendant and for a "reasonable portion" of the property awarded to plaintiff by the divorce decree. Plaintiff moved to strike the request for redistribution of the property on the ground that the judgment in relation thereto had become final. The motion to strike was denied. After hearings and the submission of evidence on defendant's motion for modification, the court entered its judgment reawarding the custody of the children to plaintiff with certain visitation rights to the defendant, and, based upon its finding that at the time the divorce action was commenced defendant was under a mental strain and did not think clearly and had no knowledge of what she was doing at the time she signed the waiver and stipulation for distribution of the property, the court entered judgment in favor of the defendant in the sum of $4,600 as her distributive share of the property.

On this appeal, plaintiff assigns as error the action of the court in modifying the judgment in respect to the distribution of the property.

In ruling that it had jurisdiction to modify the judgment affecting the distribution of the property of the parties, the trial court relied upon the decision of this court in Sande v. Sande, 83 Idaho 233, 360 P.2d 998 (1961). That case is not in point here. In that case the divorced wife brought an independent action three years and three months after the decree of divorce was entered, to have a property settlement agreement entered into between herself and her husband set aside on the ground that she had been induced to enter into the agreement by fraud and coercion on the part of

**210**

the husband. The attack in that case was primarily upon the property settlement agreement. We held that where such an agreement is not binding upon the wife because of fraud, coercion, or overreaching on the part of the husband, the decree may be modified to the extent necessary to give the wife proper relief.

In this case there was no agreement between the parties respecting the distribution of the property and there was no showing that the husband practiced any fraud or duress upon the wife. In fact, as noted, there was no communication between them.

The motion to modify the decree in this case was not made until some two and a half years after the decree was entered. During that time she made no attempt to avail herself of the numerous remedies available to her under the law: e. g. (motion for new trial) IRCP rules 59(a) and (b); (setting aside default judgment) IRCP rule 55(c); (relief from judgment) IRCP rule 60(b); and (appeal) I.C. § 13–201.

At or near the time of the divorce, defendant enrolled in a comptometer school in Salt Lake City, and approximately three months after the divorce she remarried. April 26, 1963, nine months after the decree, she executed a release or relinquishment of any claim she may have had in an escrow contract which she and plaintiff had entered into for the purchase of real estate in 1959. These acts tend to indicate that she was not incompetent. Assuming that she was under a mental strain or disturbed at the time she executed the waiver of service, as the court found, there is no showing that she continued in that condition during the two and a half years elapsed between the waiver and her motion for modification of the decree, nor during the period in which she may have sought relief from the judgment under IRCP rule 60(b).

Defendant, having submitted to the jurisdiction of the trial court and having submitted to that court for its disposition her interest in the community property and having taken no appeal nor sought other relief from the judgment within the time allowed therefor, cannot now successfully attack the distribution of the property made by the judgment. Jones v. State, 85 Idaho 135, 376 P.2d 361, 3 A.L.R.3d 1158 (1962); Porter v. Porter, 84 Idaho 400, 373 P.2d 327 (1962); Hartenbower v. Mutual Ben. Life Ins. Co., 67 Idaho 254, 175 P.2d 698 (1946); Ellsworth v. Ellsworth, 5 Ariz. App. 89, 423 P.2d 364 (1967); In re Williams' Estate, 36 Cal.2d 289, 223 P.2d 248, 22 A.L.R.2d 716 (1950); Zlaten v. Zlaten, 117 Colo. 296, 186 P.2d 583 (1947); Arnold v. Arnold, 194 Okl. 571, 153 P.2d 224 (1944).

The amended judgment is reversed to the extent that it modifies or alters the distribution made of the property by the original judgment.

No costs allowed.

SMITH, C. J., and McQUADE, McFADDEN and SPEAR, JJ., concur.