556 P.2d 365

**Brian Jay PAUL, Plaintiff-Respondent,**

v.

**Ina Carolyn PAUL, Defendant-Appellant.**

**No. 12108.**

Supreme Court of Idaho.

Nov. 17, 1976.

Reginald R. Reeves, of Denman, Reeves & Ohman, Idaho Falls, for defendant-appellant.

Reed J. Bowen, Idaho Falls, for plaintiff-respondent.

PER CURIAM.

This is an appeal from an order of the District Court of the Seventh Judicial District granting a requested modification of the property provisions of a divorce decree. Appellant Ina Carolyn Paul and respondent Brian J. Paul were parties to a divorce decree. Eleven months later, after the time for appeal had expired and also the time for a motion under I.R.C.P. 60(b) had expired, respondent sought in the same action a modification of the property adjustments effected by the decree. The district court modified the decree and this appeal followed.

The critical issue presented on appeal is whether the district court had jurisdiction to modify the property provisions of a divorce decree after the time allowed for appeal had expired. Case law in Idaho and in other jurisdictions establishes that courts do not have jurisdiction to modify the property provisions of a divorce decree after the decree becomes final. *Lowe v. Lowe*, 92 Idaho 208, 440 P. 2d 141 (1968); 27B C.J.S. Divorce § 300(4) (1959). Respondent did not initiate proceedings to modify the property settlement until after the time allowed for appeal or for relief under I.R.C.P. 60(b) had expired. The district court therefore did not have jurisdiction to entertain respondent's motion to modify. It is true that in a proper case, as where there has been fraud or collusion, a party may in an independent action obtain equitable relief from the property adjustments effectuated by a divorce decree without modifying the decree. But there is no allegation of fraud or coercion or similar grounds in the present case.

Appellant also contends that the court erred in failing to allow appellant reasonable attorney fees on her motion for reconsideration, and allowing only $300 as appellant's reasonable attorney fees in oppo-

sition to respondent's motions for modification of the decree herein. Appellant neither briefed nor argued this assignment of error, however. We therefore decline to consider it on appeal. *Perry Plumbing Co. v. Schuler,* 96 Idaho 494, 531 P.2d 584 (1975); *Haggerty v. Western Barge, Inc.,* 94 Idaho 509, 492 P.2d 48 (1971); Supreme Court Rule 41(2).

The judgment of the district court is reversed. Costs to appellant.