699 P.2d 1369

**Joan A. RATKOWSKI,
Plaintiff-Respondent,**

v.

**Eugene RATKOWSKI,
Defendant-Appellant.**

**No. 14802.**

Supreme Court of Idaho.

April 12, 1985.

through the supremacy clause of the United States Constitution, preempts the power of Idaho courts to treat an ex-serviceman's prospective military retirement benefits as community property. He contends that *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), acknowledged preemption, and ruled that military retirement benefits were not subject to division as community property. The *McCarty* decision invalidated Idaho's treatment of military retirement benefits as community property as formerly enunciated in *Ramsey v. Ramsey*, 96 Idaho 672, 535 P.2d 53 (1975). As a result, Ratkowski contends that as to the devision of military benefits, the 1979 divorce decree decided on the basis of *Ramsey* is null and void.

We disagree, and affirm the trial court's ruling that Mr. Ratkowski was in contempt for failure to pay his ex-wife a portion of his military benefits. *Nieman v. Nieman*, 105 Idaho 796, 673 P.2d 396 (1983) is dispositive.[2] There we concluded that the *McCarty* decision operated prospectively only, and did not render null and void decisions based on *Ramsey* and finalized prior to *McCarty*. In the instant case, the original divorce decree was finalized in 1979, some two years prior to *McCarty*.

Affirmed.

No costs or attorney fees.

DONALDSON, C.J., and SHEPARD and BISTLINE, JJ., concur.

BAKES, J., concurs in the result.

E. Don Copple, Boise, for defendant-appellant.

Howard I. Manweiler, Boise, for plaintiff-respondent.

HUNTLEY, Justice.

Eugene Ratkowski appeals to this Court from a contempt ruling enforcing a 1979 judgment and decree of divorce. The decree provided that pursuant to a pre-decree agreement between the parties, husband would pay wife $325 a month (less than ½) of husband's military retirement benefits.[1] Ratkowski had stopped paying his ex-wife that share, contending that federal law,

---

1. On April 21, 1981, the original decree was modified to provide that husband was to pay ½ of his military retirement benefits to wife.

2. Inexplicably neither party cited this case in briefs or in oral argument, thus no costs are awarded.