707 P.2d 452

**Irving E. LE VINE,
Plaintiff-Appellant-Cross
Respondent-Appellant,**

v.

**Joan L. (Le Vine) SPICKELMIER,
Defendant-Respondent-Cross
Appellant-Respondent.**

**No. 15568.**

Supreme Court of Idaho.

Sept. 24, 1985.

Stanley W. Welsh and Rory R. Jones, Boise, for plaintiff-appellant.

Alan D. Wilson, Mountain Home, for defendant-respondent.

HUNTLEY, Justice.

Irving E. Le Vine and Joan Le Vine Spickelmier were married in 1968. In late 1972, the husband retired from the United States Air Force with full military retirement benefits after twenty years of service. He attended and eventually graduated from veterinary school, and then established a veterinary practice in Mountain Home, Idaho. In August, 1981, husband filed for divorce on the ground of irreconcilable differences. The wife counterclaimed on the ground of extreme mental cruelty.

On February 4, 1982, the magistrate entered findings of fact, conclusions of law and a decree of divorce. He granted each party a divorce from the other on the ground of irreconcilable differences, finding no fault by either party. The wife was awarded custody of the two children, and the court ordered the husband to pay $250 per month per child in child support. The husband was ordered to pay the wife $600 a month in spousal maintenance for a maximum of forty-eight months to enable her to increase her employability and earning potential by obtaining a college degree. In accordance with the wishes of the parties as expressed at trial, the magistrate awarded the bulk of the community property, consisting primarily of the assets of the veterinary practice, to the husband, and as a condition and almost total offset, he ordered husband to assume the community debts. Miscellaneous small items of community property were awarded to the wife. The remaining property, a small amount of personal property belonging to each spouse, was left in the hands of the spouse who possessed it at the time of the divorce. The magistrate did not make specific findings as to the value of the various items of community property.

Basing its decision on the U.S. Supreme Court decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), the magistrate awarded the husband his entire military retirement benefit as his sole and separate property; however because legislation was pending in Congress at the time, the trial court retained jurisdiction over the issue of the military retirement benefit, granting wife permission to return to court to request a portion of that benefit within six months after such time as Congress should enact legislation overruling the *McCarty* decision.

Both parties appealed the magistrate's decision to the district court. While their appeals were pending, Congress enacted the Federal Uniformed Services Former Spouses' Protection Act (FSUFSPA); 96 Stat. 730 (1982). The wife promptly requested the magistrate to award her a share of the husband's military retirement benefit. On February 3, 1983, the magistrate entered a memorandum decision awarding her 11% of the husband's "disposable" retirement pay.

On appeal to the district court, the husband had contended, citing *Neveau v. Neveau*, 103 Idaho 707, 652 P.2d 655 (Ct.App., 1982), that an award of spousal maintenance by the magistrate was improper absent a finding of fault. The district court agreed, and on October 27, 1983 remanded to the magistrate for a finding of fault. In an order dated February 4, 1984 the magistrate found that husband was the chief cause of the differences between the parties, and that he was at fault for the divorce.

The parties had meanwhile moved for rehearing and further findings on the district court's October 27, 1983 order. After the magistrate's finding of fault, the wife moved to reconsider or rehear on the grounds that the husband's petition for rehearing of the district court's decision had been granted. The rehearing on the district court's order was held on March 15, 1984. On April 12, 1984 the district court entered an amended decision and order, again remanding to the magistrate for a finding of fault. On May 3, 1984 the magistrate reaffirmed his February 4, 1984 order finding fault on the husband's part.

This appeal presents four issues:

(1) whether a trial court may retain jurisdiction in a divorce proceeding pending an anticipated future change in the law;

(2) whether the magistrate had jurisdiction, while the case was on appeal to the district court, to enter a finding of fault by the husband in order to support an award of spousal maintenance;

(3) whether the trial court properly considered the factors required by I.C. § 32–705 in awarding spousal maintenance; and

(4) whether the district court erred in affirming the magistrate's division of community property despite the magistrate's failure to make specific findings as to the value of the items of community property allocated to each spouse.

## I. RETENTION OF JURISDICTION

Appellant husband argues that the magistrate improperly retained jurisdiction over the issue of his military pension. He contends that a trial court may not retain jurisdiction over a single issue relating to property division after judgment has been rendered.

We first address the threshold matter (emphasized only at oral argument) of whether the FUSFSPA applies only to spouses married to a military retiree for ten years or more during which time the retiree served at least ten years of service. The husband here argues that he and his wife were married for thirteen years, but the husband served only four years of his military service during the marriage.

The relevant portions of title 10 U.S.C. § 1408 applicable at the time of appeal state:

(c)(1) Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

(d)(1) After effective service on the Secretary concerned of a court order with respect to the payment of a portion of the retired or retainer pay of a member to the spouse or a former spouse of the member, the Secretary shall, subject to the limitations of this section, make payments to the spouse or former spouse in the amount of the disposable retired or retainer pay of the member specifically provided for in the court order....[1]

(d)(2) If the spouse or former spouse to whom payments are to be made under this section was not married to the member for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired or retainer pay, payments may not be made under this section to the extent that they include an amount resulting from the treatment by the court under subsection (c) of disposable retired or retainer pay of the member as property of the member or property of the member and his spouse.

██ Section (c)(1) provides the courts may distribute military pensions as community property when that is in accord with state law. Sections (d)(1) and (d)(2) simply modify (c)(1), providing that the ten year limitation applies only where in response to a court order, direct payments are made by the Secretary to the former spouse. The wife meets the definition of "spouse or former spouse" provided by statute: "... the husband or wife, or former husband or wife, respectively, of a member, who, on or before the date of a court order, was married to that member." 10 U.S.C. § 1408(a)(6). Therefore the FUSFSPA applies in this case.

██ Neither husband nor wife in the instant case cite relevant authority which supports the conclusion that retaining jurisdiction here was or was not proper under the facts of this case. However, we need not reach the issue of whether the magistrate properly reserved jurisdiction here. In *Ratkowski v. Ratkowski*, 108 Idaho 355, 699 P.2d 1369 (1985) this Court held that

1. 10 U.S.C. § 1408(d)(1) was amended October 19, 1984.

the FUSFSPA applies in any case in which an appeal was pending, and therefore no final judgment entered, as of the effective date of that Act. The FUSFSPA became effective on February 1st, 1983. Both parties had timely appealed the February 4th, 1982 decree entered by the magistrate, and those appeals were pending on February 1st, 1983. Whether we remand for entry of new judgment, in which case the new judgment will post-date the effective date of the FUSFSPA which will then apply; or whether we allow the present judgment to stand, the result will be the same. The judgment will become final subsequent to the effective date of the statute in either event, thus rendering the issue moot. Therefore we affirm the present judgment of an award of 11% of husband's military retirement benefits to the wife. .

## II.  SPOUSAL MAINTENANCE

The husband also argues that the district court erred in remanding to the magistrate for a finding of fault after the magistrate had entered a decree basing the divorce on irreconcilable differences. He notes that when a judgment is appealed to a higher court, a lower court is divested of jurisdiction over the matter. *Avondale Irrigation Dist. v. North Idaho Properties, Inc.,* 99 Idaho 30, 577 P.2d 9 (1978).

█ A review of the procedural record indicates that when the district court remanded in April, 1984 no appeal was pending before the court which would have divested it of jurisdiction, and that the magistrate court obtained jurisdiction again upon

remand. Since the magistrate court had full jurisdiction at the time it entered the order finding fault on the part of the husband, husband's assignment of error is without merit.

## III.  I.C. § 32–705 AND SPOUSAL MAINTENANCE

█ The husband next urges that the trial court did not properly consider the factors stated by I.C. § 32–705[2] with regard to awarding of spousal maintenance. We find his contention to be without merit. The district court found the magistrate had carefully considered the factors provided in I.C. § 32–705. It concluded there was no abuse of the trial court's discretion in awarding maintenance as it did. We affirm.

## IV.  DIVISION OF PROPERTY

█ Husband finally argues that the magistrate failed to make specific findings of fact as to the value of items of community property divided between the parties, and that this Court should remand to the trial court for specific findings. We disagree and affirm the trial court.

The record shows that each party stated that he or she would be satisfied with an award of the property each had in his or her possession at the time of divorce. The trial court determined it to be in the best interest of both parties to award the husband the business assets. Further the husband testified:

2.  I.C. § 32–705 provides:

> 32–705.  **Maintenance.**—1.  Where a divorce is granted, for an offense of either spouse, including a divorce granted upon the complaint of the party at fault, the court may grant a maintenance order for the innocent spouse if it finds that the innocent spouse seeking maintenance:
> (a) Lacks sufficient property to provide for his or her reasonable needs; and
> (b) Is unable to support himself or herself through employment.
> 2.  The maintenance order shall be in such amounts and for such periods of time the court deems just, after considering all relevant factors which may include:

> (a) The financial resources of the spouse seeking maintenance, including the marital property apportioned to said spouse, and said spouse's ability to meet his or her needs independently;
> (b) The time necessary to acquire sufficient education and training to enable the spouse seeking maintenance to find employment;
> (c) The duration of the marriage;
> (d) The age and the physical and emotional condition of the spouse seeking maintenance;
> (e) The ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance;
> (f) The tax consequences to each spouse.

A: I think it would only be fair for myself to assume the major burden of the debts, which is somewhere in the area of $40,000.00 to $45,000.00 at this time, and to keep my own personal clothing and items that I have in my possession now and the same with her. She has the furniture, her car, her personal clothes, those of the children, etc.

Q: How about the practice?

A: The practice itself is a means to pay off these burdensome debts and I'll do my best to do that.

Q: Well, how would you like that divided?

A: There is no practice without myself. I think I should have it.

Since the property division essentially complies with the parties' desires, the husband cannot be heard to object now.

As to the question raised in oral argument of whether the husband agreed to pay the fees of the expert witness who testified about the value of intangible assets associated with the veterinary practice, that matter is within the sound discretion of the trial court when it apportions costs, and the record establishes no abuse of that discretion.

Affirmed.

Costs to respondent. No attorney fees on appeal.

DONALDSON, C.J., BISTLINE, J., and WALTERS, J. Pro. Tem., concur.

BAKES, Justice, concurring in part and dissenting in part:

Before reaching the substantive legal issues raised by this appeal, there are several procedural problems which must be addressed. While the majority's statement of facts recognizes some of them, it fails to recognize the consequence of procedural

problems and, as a result, the majority opinion, I believe, is seriously flawed.

On February 4, 1982, the magistrate entered his findings of fact, conclusions of law and decree of divorce in this matter. In that decree he purported to retain jurisdiction for six months in the event that the United States Congress completed action on pending legislation which would have reversed the decision of the United States Supreme Court in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). As the majority points out, both parties appealed from that decision of the magistrate to the district court. However, the majority avoids the serious question of whether or not the magistrate could retain jurisdiction after the otherwise final judgment was rendered. Considering all of the procedural problems found in this case, the majority's desire to avoid that difficult question is understandable. Suffice it to say that if the court did have the power to retain jurisdiction, the judgment was not final, and this whole appeal process should never have occurred.[1]

Despite the magistrate's retention of jurisdiction, the district court accepted jurisdiction of the appeal. While the appeal was pending in the district court Congress enacted the Federal Uniformed Services Former Spouses Protection Act, 96 Stat. 730 (1982). Acting pursuant to the previously retained jurisdiction, the magistrate, on February 3, 1983, amended his memorandum decision to award the wife 11% of the husband's "disposable retirement pay." Even assuming that he had the authority to retain jurisdiction in the first instance, the magistrate clearly had no jurisdiction to alter his previously rendered decision while the case was pending on appeal in the district court. Our cases and our rules are clear that, once an appeal is taken, the trial court loses jurisdiction to take further action in the case, except for certain limited

---

1. When the district court is acting in an appellate capacity, the court is generally limited to reviewing final judgments of the magistrate division. *See* I.R.C.P. 83(a)(1); *State, Dept. of*

*Law Enforcement v. One 1955 Willys Jeep,* 100 Idaho 150, 152, 595 P.2d 299, 301 (1979). A listing of other appealable orders, none of

functions.[2] The magistrate certainly does not have jurisdiction to change the disposition of property in a judgment while the case is being considered by a higher court on appeal.

The district court heard the appeal on the record and, on October 27, 1983, issued an order which was filed on November 11, 1983, partially affirming the magistrate's decision. However, the court agreed with the appellant husband that an award of alimony and support could not be made in the absence of a finding of fault, and therefore set that portion of the magistrate's order aside and remanded the case to the magistrate to make a finding on the issue of whether or not the husband was at fault. It is at this point that the next procedural irregularity occurred. Even though the appellant timely moved in the district court for rehearing and reconsideration of the district court's October 27, 1983, order, which meant that the case was still on appeal in the district court, the magistrate nevertheless jumped the gun and held a hearing on the issue of fault. By an order dated February 4, 1984, the magistrate found that the husband was at fault and reaffirmed the award of alimony in the divorce.

Meanwhile, back in the district court, the district judge was preparing to reconsider his October 27, 1983, order. The district court was apparently unaware that, while the motion for rehearing and reconsideration was pending in the district court, the magistrate had already made the fault determination. The hearing before the district court was held on March 15, 1984. Following the hearing, the district court withdrew its original October 27, 1983, decision and entered a new order, remanding the matter to the magistrate for a new division of the military retirement income

absent any disability component, and also for a finding of fault. The district court's final order was dated April 12, 1984, but actually filed with the clerk of the court on April 19, 1984.

It is obvious that litigation cannot be pending in two courts at the same time, and that the magistrate had no authority to be holding hearings and making findings on the issue of fault while that issue was still pending before the district court on rehearing. *See* I.A.R. 13(b).

The third procedural error occurred when, shortly after the district court entered its April 19th order, the magistrate, immediately proceeded to hold another hearing. On May 3, 1984, the magistrate reaffirmed his February 4, 1984, order finding fault on the husband's part. However, the appeal time had not yet run on the district court's April 19th order when this hearing was held. On May 29, 1984, the plaintiff husband appealed to this Court from the decision of the district court entered on April 19, 1984.[3]

To complicate this procedural melange even further, the record reflects that on May 9, 1984, the respondent wife filed an amended notice of cross appeal, apparently from the magistrate's May 3, 1984, reaffirmance of his February 4, 1984, order. Therefore, it would appear from the record that for a time this case was proceeding in all three courts at the same time!

The primary problem I have with the majority opinion is that it fails to identify the proper decision which is the subject of the appeal to this Court. The notice of appeal to this Court states that, "The above named appellant, Irving E. LeVine, appeals against the above named Respondent to the Idaho Supreme Court from the amended decision and order entered in the

---

which are pertinent here, may be found in I.R. C.P. 83(a)(2).

**2.** Pursuant to I.R.C.P. 83(x), I.A.R. 13(b) sets out the limits to the magistrate court's power and authority during the pendency of an appeal. Generally, the trial court is divested of jurisdiction once an appeal has been taken. *See Avondale Irr. Dist. v. North Idaho Properties*, 99 Idaho

30, 577 P.2d 9 (1978); *First Security Bank v. Neibaur*, 98 Idaho 598, 570 P.2d 276 (1977).

**3.** Under I.A.R. 11(a)(1) the April 19, 1984, decision of the district court remanding the case to the magistrate court is an order of the district court which may be appealed directly to this Court.

348

above entitled action on the 19th day of April, 1984, The Honorable Robert M. Rowett, District Judge, presiding." Thus, the only issue before this Court is whether the district court erred in its order filed April 19, 1984, which affirmed in part, vacated in part, and remanded the cause to the magistrate court for further proceedings. However, the majority opinion approaches this case as though we are reviewing the magistrate's May 3, 1984, order in which it reaffirmed the February 4, 1984, order. I believe the record is clear that both the February 4, 1984, and May 3, 1984, orders were made at a time when the case was pending in the district court, and the magistrate court had no jurisdiction to enter any order.

Having identified the precise order on appeal before this Court, (the district court's order of April 19, 1984, in which it, sitting as an appellate court, affirmed in part and vacated in part and remanded the matter to the magistrate court for further findings), the appellant in his brief on appeal raises four specific issues.

The first issue is whether or not the district court erred in ruling that the magistrate court had properly retained jurisdiction of the military retirement benefit question for six months after having entered his judgment of divorce. While I have grave doubts about the propriety of a court retaining jurisdiction to change its decision on the assumption that there may be a retroactive legislative change in the law, I agree with the majority's handling of that issue. Since the district court could, on direct appeal, retroactively apply the Federal Uniform Services Former Spouses Protection Act to the facts of this case, *Steczo*

*v. Steczo*, 139 Ariz. 199, 659 P.2d 1344 (App.1983), the first issue raised by the appellant need not be decided.

The second issue raised by the appellant is whether the district court erred in remanding the issue of whether or not the husband was at fault to the magistrate court. The appellant's argument is that the magistrate court had already entered a final judgment of divorce based on irreconcilable differences, and therefore could not go back and make a finding on the question of fault. I again agree with the majority that, where the magistrate court has not made a critical finding of fact on one of the issues in an action, the district court on appeal was authorized and justified to vacate the trial court's award of alimony and maintenance and remand the matter to make a finding on the issue of fault. Where a trial court makes inadequate or no findings on a material issue in an action, it is appropriate to remand for additional findings. *Owen v. Boydstun*, 102 Idaho 31, 36, 624 P.2d 413, 418 (1981).

The third issue raised by the appellant is whether or not the district court erred in affirming the award of maintenance without properly weighing the factors required by I.C. § 32–705. It seems to me that since the district court remanded that issue to the magistrate court for a finding on that issue, that issue is not ripe for decision in this Court. Until the magistrate court, at the proper time and in the proper manner, makes its findings on that issue and renders a new amended decree, it would be inappropriate to address that issue.[4]

The fourth and last issue raised by the appellant was that the district court erred in affirming the trial court's division of the

---

4. Both parties have attempted to again appeal from the magistrate's February 4, 1984, decision and its May 3, 1984, order. However, the defendant respondent, in a motion for reconsideration or rehearing filed March 20, 1984, expressed "serious concern whether this court [the magistrate court] had jurisdiction to rule on the issues remanded to the court until after the appellate court has ruled on plaintiff's petition for rehearing. To avoid future litigation relating to whether this court [magistrate court] had jurisdiction to hear the matters on remand until

after the appellate court [district court] made a final order on plaintiff's motion for rehearing, defendant requests the court to set a date to reconsider its order of February 7, 1984 [February 4, 1984] at a time and date subsequent to the [appellate court's] decision on plaintiff's motion for rehearing." The magistrate subsequently acknowledged the jurisdictional problem as reflected by a minute entry dated April 3, 1984. This entry notes that the magistrate did not have jurisdiction to consider a motion to strike the appeal.

community property despite the trial court's failure to make specific findings as to the value of the items of community property allocated to each spouse. In that regard, I believe that the appellant's point is well taken. I.R.C.P. 52(a) requires the trial court to find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. Case law also directs that the trial court must make specific findings when dividing community property. *Donndelinger v. Donndelinger*, 107 Idaho 431, 436–37, 690 P.2d 366, 372 (Ct.App. 1984); *accord Simplot v. Simplot*, 96 Idaho 239, 526 P.2d 844 (1974). The magistrate court's decision did not identify the property being awarded to either party in its findings and judgment, but merely awarded to the parties "all personal property that was in their respective possessions at the time of trial herein. In addition, plaintiff shall receive all business related personal property and real property for the purposes of carrying on his trade as a doctor of veterinary medicine." From the decree there is no way of knowing which specific items of property each person received. Furthermore, there is no legal description of the real property for purposes of establishing title to the property in the appellant husband.

But that is only a portion of the appellant's complaint. Appellant argues that the trial court made no determination of the value of the various items of property allocated to each spouse, whatever they are, and that, because of those inadequate findings, there is no way an appellate court can determine whether the trial court made a fair division of the community property or not. The majority opinion attempts to get around this lack of adequate findings by stating that "the property division essentially complies with the parties' desires [and] the husband cannot be heard to object now." There is really no evidence to sustain that conclusion by the majority. The majority points to certain testimony on page 61 of the transcript in which the husband was asked:

"In regard to the division of the property between you and Mrs. LeVine, what is your desire?

"A. I think it would only be fair for myself to assume *the major burden* of the debts, which is somewhere in the area of $40–45,000 at this time, and to keep my own personal clothing and items that I have in my possession now and the same with her. She has the furniture, her car, her personal clothes, those of the children, etc.

"Q. How about the practice?

"A. The practice itself is a means to pay off these now burdensome debts and I'll do my best to do that.

"Q. Well, how would you like that divided?

"A. There is no practice without myself. I think that I should have it."

The magistrate court had earlier ruled that the husband's veterinary license and his right to practice veterinary medicine was his separate property and was not a community asset which could be divided by the court. Accordingly, when the appellant indicated that he was going to pay the debts from the practice, that was not offsetting community assets against community debts, but was indicating the source of his own separate funds which would ultimately be used to pay off the debt burden which he would have to assume in the final judgment. It cannot be said from the record that the husband "desires" all of the debt, both business and personal, without a fair and reasonable allocation of the community assets to offset those debts. Since there is nothing in the trial court's findings or judgment to establish what those assets are, or their values, there is no way for an appellate court to accurately and adequately evaluate either the identity of or the fairness of the distribution of the community property and debts. Such a failure constitutes reversible error. *See Donndelinger v. Donndelinger, supra; Simplot v. Simplot, supra.*

In any event, it is difficult to understand why the district court did not require additional findings on this issue, since its order

**350**

of April 19, 1984 (the order on appeal before this Court) remands this cause back to the magistrate court to make further findings. The district court should have required the magistrate to enter amended findings on the distribution of the property and to set values so that an accurate evaluation of the distribution of the property in this case could be made.

A remand for specific findings as to division of the property was previously ordered by this Court in *Griggs v. Griggs,* 107 Idaho 123, 686 P.2d 68 (1984). In *Griggs,* this Court determined that while military retirement pay was subject to division as community property, "disability pay" was not. In view of that conclusion, the *Griggs* Court remanded the matter to the trial court for a just division of the community property, noting that, "The record on this matter is wholly inadequate to make an accurate division of the property at this time." In this case the district court's April 19, 1984, order remanded the matter back to the magistrate court for a determination of how much of the plaintiff appellant's military retirement benefits should be designated as "disability pay" and therefore not subject to division. Since the original magistrate's decision has never made "an accurate division of the property," nor has it fixed the values of the property or the indebtedness, the appropriate remedy would be to remand this matter with directions to have the magistrate make a specific determination of the valuation of the property and the indebtedness, and make a specific distribution, so that the court can determine on review, if there is one, whether or not that division is "just." *Griggs v. Griggs, supra.*

In conclusion, the proper disposition of this case should affirm the district court's order of April 19, 1984, except that portion which affirmed the magistrate court's disposition of the property, and order the district court to remand to the magistrate. On remand, the magistrate should consider the issue of fault on the part of the husband for purposes of determining alimony and maintenance and enter specific findings regarding disposition of the individual items of personal property, determining their value so that the fairness and reasonableness of the property disposition in this case can be determined.

Finally, the decision of the majority of the Court may well cause substantial confusion when the remittitur of this Court issues to the district court. The majority affirms the district court, which is the order dated April 19, 1984. That order affirmed in part and reversed in part and remanded this case back to the magistrate court to make further findings. I am sure the parties will find it difficult, after reading the majority opinion, to determine the matters that are going to be relitigated in the magistrate court, not to mention the appeal which is presently pending before the district court, as a result of the respondent wife's amended notice of cross appeal filed May 9, 1984. I believe that we can provide more definitive direction to the courts below than merely stating that the district court is "affirmed."