765 P.2d 130

**Vernal OLSEN, Plaintiff–Appellant,**

v.

**Helen B. OLSEN,
Defendant–Respondent.**

No. 17158.

Supreme Court of Idaho.

Nov. 18, 1988.

Cox & Ohman, Idaho Falls, for plaintiff-appellant.  Dean C. Brandstetter argued.

Jay F. Bates, Idaho Falls, for defendant-respondent.

JOHNSON, Justice.

This case arose as the aftermath of a divorce between Mr. and Mrs. Olsen.  In the divorce decree Mrs. Olsen was granted possession of the residence of the parties, with the stipulation that the property would be sold upon her remarriage or when she removed herself from the residence. The trial court determined the value of the interest of Mr. Olsen in the residence and ordered Mrs. Olsen to pay Mr. Olsen the calculated value of his interest.  The court also ordered that if Mr. Olsen did not consent to the determination of the value of his interest and quitclaim the property to Mrs. Olsen, the residence would be sold and the proceeds divided.  Mr. Olsen appealed this decision.  We hold that the trial court did not have jurisdiction to make these orders and reverse and remand.

I.

BACKGROUND.

The Olsens were divorced in 1977.  The divorce decree contained the following disposition of their community residence:

*To the plaintiff:*

A one-half interest in the present equity of the parties in the residence property considering its inflated value, the possession thereof, subject to payment of the encumbrance against it, and the right to possession thereof until such time as she remarries or, for any reason removes therefrom.  Upon her marriage or removal, the property shall be sold for the best price then reasonably obtainable and after deducting the total of all payments

made by her on the property, and the costs of sale, the balance shall be divided equally between the parties.

. . . .

*To the defendant:*

. . . .

[A] vested ½ interest in the residence property of the parties, subject to the right of possession heretofore given plaintiff, subject to the amount of any encumbrance payments made by plaintiff as outlined in the award to her, and subject to the cost of any improvements made by her.

. . . .

Defendant has been awarded by this decree an interest equal to ½ the present equity of the parties in residence property. The amount thereof has not been determined, however, but has been left until the property is sold for that determination. At that time it will equal ½ of the total amount received for the property less payments thereon made by the plaintiff.

If defendant prefers, he is given twenty days from the date hereof in which to request a hearing for determination of an amount which will equal his ½ interest in the equity of the parties at its present value. If he chooses such determination the amount shall not be paid until sale of the property but when it is paid he will be entitled to receive that amount, after deduction of ½ the costs of sale, no more and no less, whatever the actual sale price may be.

Mrs. Olsen has lived in the residence since the divorce. Mr. Olsen brought this action seeking to obtain the value of his interest in the residence. One of his claims sought a sale of the residence under I.C. § 6–501, which provides:

**6–501. When partition may be had.—** When several cotenants hold and are in possession of real property as parceners, joint tenants or tenants in common, in which one (1) or more of them have an estate of inheritance, or for life or lives, or for years, an action may be brought by one (1) or more of such persons for a partition thereof, according to the respec-

tive rights of the persons interested therein, and for a sale of such property, or a part thereof, if it appears that a partition cannot be made without great prejudice to the owners.

Mrs. Olsen moved for summary judgment on the ground that the divorce decree was *res judicata* as to a sale of the residence in lieu of partition. The trial court denied this motion.

Following a trial, the trial court determined that Mrs. Olsen had a life estate in Mr. Olsen's interest in the property and that the value of Mr. Olsen's interest, after deducting the value of the life estate, was $5,480.84, or .11784 of the total value of the property. The court ordered Mrs. Olsen to pay this amount to Mr. Olsen within sixty days of the filing by Mr. Olsen of a consent to this compensation for his interest, pursuant to I.C. § 6–527, and the filing of a deed quitclaiming his interest in the property to Mrs. Olsen. The court also ordered that if any of these conditions were not complied with that the property would be sold and the net proceeds divided. In that event Mr. Olsen would receive a portion equal to .11784 of the net proceeds.

Mrs. Olsen tendered payment of the $5,480.84. Mr. Olsen declined to file a consent and a quitclaim deed and appealed the decision of the trial court. No cross-appeal has been filed by Mrs. Olsen.

## II.

### THE TRIAL COURT DID NOT HAVE JURISDICTION TO ORDER A SALE IN LIEU OF PARTITION.

I.C. § 32–713 requires the court in rendering a decree of divorce to order disposition of the community property of the divorcing parties, "and, whenever necessary for that purpose, may order a partition or sale of the property and a division or other disposition of the proceeds." At the time of the divorce the court did order a sale of the residence, but delayed the sale until Mrs. Olsen remarried or removed herself from the property. Mr. Olsen did not appeal the divorce decree that included this provision.

■ The trial court in the present action had *no jurisdiction to consider anew* a sale of the residence. The divorce decree was binding on the parties. It specified the circumstances that would trigger the sale of the property. The divorce decree was a valid and final personal judgment and extinguished Mr. Olsen's claim for the sale of the residence, except as provided in the decree. *See, Aldape v. Akins,* 105 Idaho 254, 258–59, 668 P.2d 130, 134–35 (Idaho App.1983), *rev. den.* (1983) and the special concurrence of Johnson, J. in *Nash v. Overholser,* 114 Idaho 461, 757 P.2d 1180, 1182–84 (1988).

■ Mrs. Olsen has not cross-appealed from the trial court's decision. Indeed, her counsel represented at the argument in this case that she did not wish to raise the issue of the impropriety of the trial court's order. However, as this Court has recently held:

> Even if jurisdictional questions are not raised by the parties, we are obligated to address them, when applicable, on our own initiative. [Citations omitted.] Further, parties cannot confer jurisdiction upon the court by stipulation, agreement, or estoppel. [Citations omitted.]

*H & V Engineering v. Board of Professional Engineers,* 113 Idaho 646, 648, 747 P.2d 55, 57 (1987).

Therefore, we must reverse the decision of the trial court ordering a sale in lieu of partition, despite the lack of an appeal of this issue by Mrs. Olsen.

### III.

### CONCLUSION.

We reverse the orders of the trial court and remand this case with instructions to dismiss the action.

No costs or attorney fees.

HUNTLEY, J., and McDERMOTT, J., pro tem, concur.

BISTLINE, Justice, specially concurring.

In proceedings below the trial court entered an order on 4 April, 1986, reciting that "Helen has moved to dismiss this amended complaint contending that the decision of the trial court is res judicata and that this Court has no jurisdiction to correct the amended decree entered in Jefferson County, Case No. 1–929."

The court granted as to the defense of res judicata, and also ruled that it lacked jurisdiction to correct the final judgment in that case. It denied as to Count II on the basis that the court (divorce court, Case 1–929) did not have jurisdiction to grant Helen B. Olsen a life estate in the property of Vernal Olsen." R., p. 53. Count II included the claim for partition.

While I am in agreement with Justice Johnson that the judgment must be reversed with instructions to dismiss, I find it appropriate to dismiss on other grounds. The district court in this partition action did have tentative jurisdiction over the parties and over the subject matter. Namely, that had there not been any challenge raised by the defendant, Helen, interposing the defense of res judicata, any judgment entered by the court in the partition action might have had ultimate validity provided it became final and no appeal was taken.

But an appeal was taken, and we have before us the ruling of the partition court on the dual challenge of res judicata. If the trial court erred, we need not indulge in extending ourselves to raise sua sponte the issue of lack of jurisdiction, and on that basis reverse. The court below realized that the divorce court's disposition of the property was conclusive, *i.e.,* specifically *res judicata,* but implicitly ruled that it nevertheless had jurisdiction, in the power sense, to override and nullify the divorce court's disposition of the property. Implicitly also recognized was that the court in the instant action could "not act as a court of errors (sic, appeals) to examine or reverse the judgment [of the divorce court.]"

Nevertheless, after that unusual internally inconsistent evaluation of the situation, the trial court agreed with Vernal's contention that Vernal somehow had a right to have the property partitioned, notwithstanding that the clear and plain provisions of the divorce decree bestowed the right of possession in Helen, until that right might terminate—as pointed out by Justice Johnson. Both spouses were awarded a one-half interest in the property,

but Helen's was concomitant with the awarded right of possession, subject to certain conditions; Vernal's was subject to her right of possession, subject to certain conditions. As to the respective conditions, such were calculations of credits and debits to be made only when the time arrived that Helen was no longer in possession.

The trial court in this action, notwithstanding acknowledgement of the doctrine of *res judicata* then proceeded to ignore the clearly worded provisions of the divorce decree, and proceeded to a present partition of the real property. The heart of the court's error was in failing to pay any heed to the fact that the *condition precedent* had not been fulfilled—*i.e.*, Helen was still on the property, and Vernal still had nothing but an expectancy which was yet to materialize, and will not materialize until the real property is no longer possessed by Helen. It is an expectancy which he can sell on the open market.

When the *divorce* court entered its final judgment with the above provisions, the court had jurisdiction over the parties, jurisdiction over the property, and jurisdiction in the power sense. When that final judgment became wholly final, namely, all time gone by in which to appeal and file post-judgment motions, it was not subject to modification in that action or in any other action, unless the defense of *res judicata* was not raised.

Because the doctrine of *res judicata* was a complete bar the trial court in the instant action was in error in believing that it could do *anything*. Moreover, as to the instant action, *res judicata* was also a bar which precluded jurisdiction in a second action involving the same property and the same

parties. The trial court in the divorce action implicitly had found itself possessed of jurisdiction in all senses. That, too, with the passage of time would become subject to the bar of *res judicata*.[1] The principles of res judicata apply to questions of jurisdiction, as well as to other issues, as well as to jurisdiction of the subject matter. *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939).

There may be some merit in the views of the chief justice. It is true that Mrs. Olsen has not appealed. For that reason I am also concurring in the opinion authored by Justice Johnson. It is also true that courts generally, and this court specifically, jealously guard against hearing cases which are not properly before it. A res judicata approach to a jurisdictional question also appears to be akin to a purely jurisdictional question.

Also, again, I am reminded of *Rabido v. Furey*, 33 Idaho 56, 190 P. 73 (1920), where this Court held, "Since the appeal was taken from the judgment and not from a portion thereof, the entire judgment is before the court and subject to review, even though the respondents took no cross-appeal."

SHEPARD, Chief Justice, dissenting.

I must dissent because in my view the trial court had jurisdiction over the parties and the related property issues. Insofar as a court has two voluntary participants before it, neither of which have appealed the court's denial of motions to dismiss, it has jurisdiction to decide the issues before it.

I am in agreement that the earlier divorce decree granting Mrs. Olsen a contingent life estate in the parties' marital resi-

1. The doctrine of *res judicata* is still alive in Idaho although it suffered serious injury at the hands of this Court in *Duthie v. Lewiston Gun Club*, 104 Idaho 751, 663 P.2d 287 (1983). In that case a majority of this Court, over the protest of a strong dissent, emasculated what had been until then one of the most strictly adhered to principles of Idaho jurisprudence by declaring that the doctrine of *res judicata* need not be applied where the circumstances were not "ripe," *i.e.*, that after a judgment became wholly final, a second suit involving the same issues previously litigated could nevertheless be brought, provided that there was the interjec-

tion into the second law suit of some additional fact not present in the first.

Here is Paul Harvey, again, with the rest of the story: After the *Duthie* case ending in a final judgment decreeing Duthie entitled to take and use water from a Gun Club supply line, and after all time for appeal had expired, the Gun Club severed the line to Duthie's residence. That was the "new fact."

It would be a kindness to the trial bench and bar if two more votes were forthcoming to erase any precedential effect which may otherwise some day be accorded it.

dence *was* binding upon the parties. Had Mrs. Olsen appealed the court's denial of her motion for summary judgment on *res judicata* grounds, today's jurisdictional ruling would be correct. However, no appeal was taken. Thus, the objection to jurisdiction must be deemed voluntarily waived.

I applaud the trial court's action that sought to rid the parties of the co-ownership that had been nothing more than a constant source of friction since the time of the divorce decree. The court calculated the present value of Mr. Olsen's interest and ordered Mrs. Olsen to pay that amount over to the court. By all indications, she willingly complied with the order in hopes of ending Mr. Olsen's claim to any share of her residence. I would affirm the trial court's action, but only up to that point.

I would reverse the second part of the order that allowed Mr. Olsen to unilaterally force the sale of the home. It defies logic to require such a sale where neither party, nor justice, is served by such an outcome. Mrs. Olsen paid the value of Mr. Olsen's interest over in cash and she had possession of the long occupied residence that presumably served her needs. That should have been the end of it.