769 P.2d 569

**Joan A. RATKOWSKI,
Plaintiff–Respondent,**

v.

**Eugene RATKOWSKI,
Defendant–Appellant.**

No. 17235.

Supreme Court of Idaho.

Feb. 13, 1989.

Davison, Copple, Copple & Copple, Boise, for defendant-appellant. Scot M. Ludwig argued.

Manweiler, Bevis & Cameron, Boise, for plaintiff-respondent. Howard I. Manweiler argued.

BISTLINE, Justice.

After 18 years of marriage, Joan Ratkowski (respondent) and Eugene Ratkowski (appellant), on July 3, 1979, entered into a Separation and Property Settlement Agreement which provides in pertinent part:

> As and for Wife's [respondent] release of her community interest in Husband's [appellant] military retirement benefits, Husband agrees to pay to Wife the additional sum of $325.00 per month commencing on July 15, 1979 and again on the 15th day of each and every month thereafter until October 15, 1985 when such payments shall terminate.

On July 16, 1979, the magistrate entered a decree of divorce incorporating the above agreement and ordering appellant to pay respondent $325 a month until October 15, 1985. Appellant made nine monthly payments and then stopped.

In June of 1980, respondent requested the court to order payment directly to her from appellant's military retirement fund. Appellant was personally served process in California, which was, and continues to be, his place of residence. At the hearing, appellant refused to make the payments; the magistrate found him in contempt, and imposed a five day jail sentence. Execution of the contempt process was suspended for 30 days to permit appellant to purge the contempt. He paid nothing, however.

Respondent filed a similar motion in November 1981. Again, appellant was found in contempt and sentenced to five days in jail. He also was ordered to pay respondent $1000 for costs incurred to enforce the decree. Appellant appealed first to the district court, which affirmed, then to this Court. Our opinion stated: "We ... affirm the trial court's ruling that Mr. Ratkowski was in contempt for failure to pay his ex-wife a portion of his military benefits." *Ratkowski v. Ratkowski,* 108 Idaho 355, 356, 699 P.2d 1369, 1370 (1985). Appellant still paid nothing.

In February 1987, respondent instituted a proceeding directing the appellant to show cause why the settlement decree should not be modified so that she could collect the $325 per month directly from appellant's military retirement fund. The magistrate's order computed the total amount due respondent as of the date of the order, and provided further for a $325 monthly payment directly from appellant's military retirement fund pursuant to 10 U.S.C. 1408 (Former Spouses' Protection Act), until the entire arrearages in the sum of $21,775 had been retired. On appeal to the district court the magistrate's order was affirmed.

The dispositive issue raised by appellant is whether the magistrate (divorce court) had continuing jurisdiction to enter its aforesaid order. A question of jurisdiction is fundamental: "it cannot be ignored when brought to our attention and should be addressed prior to considering the merits of an appeal." *H & V Engineering v. Bd. of Professional Engineers,* 113 Idaho 646, 648, 747 P.2d 55, 57 (1988). *See also, Olsen v. Olsen,* 115 Idaho 105, 107, 765 P.2d 130, 132 (1988).

It is well established that without an appeal from an original decree of divorce the property division portions of that decree are final, *res judicata,* and no jurisdiction exists to modify property provisions of a divorce decree. *See e.g., McBride v. McBride,* 112 Idaho 959, 961, 739 P.2d 258, 260 (1987); *Sullivan v. Sullivan,* 102 Idaho 737, 639 P.2d 435 (1981); *Paul v. Paul,* 97 Idaho 889, 556 P.2d 365 (1976); *Lowe v. Lowe,* 92 Idaho 208, 440 P.2d 141 (1968) (hereafter the *McBride* Rule). Here, however, there was no modification of the divorce decree, and so we turn to the appellant's argument that under the rule of

*McBride*, the magistrate lacked jurisdiction to order the Air Force Accounting Center to pay respondent $325 per month out of appellant's military retirement benefits. We are not persuaded. Clearly, the divorce court had jurisdiction to enforce the terms of its own decree.

In Idaho, some principles of domestic relations law are so well established that they are generally accepted without question. For instance, a divorce court is empowered to decide issues of child support and custody. So long as the child is a minor, and so long as the receiving spouse's order of support is not terminated, the court has continuing jurisdiction to use its processes for enforcement of its orders. *See* I.C. § 32–715; *Dey v. Cunningham*, 93 Idaho 684, 471 P.2d 71 (1970) (jurisdiction of trial court over child custody is a continuing one and should be exercised in such detail and specificity of order as may be necessary to carry out the intent of the court).

A court has continuing jurisdiction to enforce its orders of spousal support as well as those of child support. This general principle is codified in Idaho Code § 1–1622, which provides:

**Incidental means to exercise jurisdiction.**—When jurisdiction is, by this code, or by any other statute, conferred on a court or judicial officer all the means necessary to carry it into effect are also given; and in the exercise of the jurisdiction if the course of proceedings be not specially pointed out by this code, or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code.

The nature of continuing jurisdiction was outlined in *McDonald v. McDonald*, 55 Idaho 102, 114, 39 P.2d 293, 298 (1934):

The court having jurisdiction of both the subject matter and person of the defendants, has the right and authority to hear and determine all questions that occur in the case and are essential to a decision of the merits of the issues, and it likewise has authority and jurisdiction to make such orders and issue such writs as may be necessary and essential to carry the decree into effect and render it binding and *operative.*

[Quoting *Taylor v. Huett,* 15 Idaho 265, 272, 97 P. 37, 39 (1908)] (emphasis added).

One example of the exercise of continuing jurisdiction to effectuate an order is contempt. The trial court in a divorce proceeding may enforce its orders concerning property distribution with contempt proceedings. *Carr v. Carr,* 108 Idaho 684, 701 P.2d 304 (Ct.App.) (1985). It is well settled, as the district court noted on appeal, that "courts have inherent power to control and prevent abuse of their orders and processes." *Mahaffy v. State,* 87 Idaho 228, 232, 392 P.2d 279, 281 (1964). Obviously, under the circumstances presented here, *i.e.,* respondent being a resident of California, a contempt process has no effect upon him, unless a California court would order him committed to jail for a violation of a valid order entered in that state. *See Taylor v. Huett, supra,* 15 Idaho 265, 273, 97 P. 37, 38.

We conclude that the magistrate's order requiring the Air Force Accounting Center to pay respondent $325 per month is a proper exercise of continuing jurisdiction, under both specific and general statutory authority, as well as being within the divorce court's inherent equitable powers.[1]

AFFIRMED. Costs to respondent. No attorney fees on appeal.

BAKES, HUNTLEY and JOHNSON, JJ., concur.

SHEPARD, Chief Justice, dissenting.

I agree with the majority's characterization of the facts in this matter. As

---

1. Appellant has also raised a statute of limitations defense against many of the $325 per month installments which were six years delinquent as of February of 1987, when the proceeding was instituted to obtain a judicial determination of the total of arrearages. However, the magistrate denied appellant standing to raise this defense as a sanction in light of appellant's unjustified non-payment. Given the earlier orders of contempt, one of which was affirmed on appeal by this Court, we find no abuse of discretion in the magistrate's ruling. *See Southern Idaho Production Credit Ass'n v. Astorquia,* 113 Idaho 526, 746 P.2d 985 (1987).

noted by the majority, this cause has been before this Court in *Ratkowski v. Ratkowski*, 108 Idaho 355, 699 P.2d 1369 (1985). There, this Court upheld the trial court's ruling that Mr. Ratkowski was in contempt for failure to pay his former wife the sum of $325.00 per month. In the instant case however, the issue is different than in *Ratkowski I, supra*. Here, the sole issue is the ability of the trial court to order payment directly from the United States under the provisions of 10 U.S.C. 1408(1) (Former Spouses Protection Act).

As well noted in the majority, at the time of the divorce proceeding in 1979, the then husband and wife entered into an agreement that the wife released any community interest in the husband's military retirement benefits. In consideration therefore, the then husband agreed to pay a certain sum on a monthly basis. Hence, the instant case presents no issue of child support, nor alimony, and in my opinion is not within the purview of 10 U.S.C. 1408(1). Rather, Mrs. Ratkowski occupies no position except that of a judgment creditor who clearly cannot execute upon a federal military retirement benefit. Nor, in my opinion may a trial court, nor this Court, after a ten-year lapse of time, amend or change a judgment and alter the status of Mrs. Ratkowski from that of judgment creditor to that of a recipient of alimony.

As well noted in the majority opinion, the Idaho decisions are clear that without an appeal from an original decree of divorce, the property division portions of that decree are final, res judicata, and no jurisdiction exists to modify. I further agree that as noted in the majority opinion: "Clearly, the divorce court had jurisdiction to enforce the terms of its own decree." But nevertheless, the order entered was nothing more than an order of garnishment issued to enforce collection of an amount of money pursuant to a money judgment. Since it was nothing more than a money judgment, the court only had jurisdiction to issue execution on whatever assets of the defendant, wherever they might be found, save and except the military retirement benefits to be paid by the United States. As to those military retirement benefits, they are ex-

empt from execution by the ordinary judgment creditor. In this case Mrs. Ratkowski holds no status other than that of the ordinary judgment creditor.

In the instant case, although the result is unfair, and palpably unjust, nevertheless I feel it mandated by the insulation afforded by the federal statutes.