282 So.2d 741 (1973)
FIRST NATIONAL BANK OF COMMERCE, NEW ORLEANS, Louisiana
v.
J. R. EAVES.
No. 5411.
Court of Appeal of Louisiana, Fourth Circuit.
August 21, 1973.
Rehearing Denied September 26, 1973.
Writ Refused November 16, 1973.
*742 James Foley, III (Foley, Judell, Beck, Bewley & Landwehr), New Orleans, for plaintiff-appellee.
Aubrey E. Pate, New Orleans, for defendant-appellant.
Before REDMANN, LEMMON and BAILES, JJ.
REDMANN, Judge.
In this suit by a national bank to collect defendant's "BankAmericard" credit card account balance plus attorney's fees, defendant appeals from a judgment dismissing, on exceptions of no right and no cause of action, his reconventional demand based on interest overcharges. We reverse.
The reconventional demand refers to failure to credit certain payments and to charging interest upon interest despite "numerous" requests to correct the billing, and seeks, citing La.Acts 1968, Ex. Sess., No. 24 (now repealed and replaced in R.S. 9:3510 et seq. by La.Acts 1972, No. 454), double the interest charges plus attorney's fees.
Plaintiff's computer-card accounting made part of its petition indicates both that interest beyond the statutory maximum was regularly charged by charging interest on maximum interest (whether already paid or not, despite an accountingcard space for deducting "Unpaid finance charge") and that payments were made by defendant which, since attributable first to (agreed non-usurious) interest and then to principal, La.C.C. art. 2164, may have constituted payment by defendant of most of the apparently usurious interest (to the non-usurious extent agreed upon).[1]
Plaintiff's argument on the exception was that the state statute penalizes usury and is therefore inapplicable because the federal law, 12 U.S.C. § 86, provides the exclusive penalty for usury by national banks; and that under federal law even usurious interest actually paid cannot be the basis of set-off or counterclaim in a national bank's suit for the principal of the debt.
Defendant argues that his complaint is not one of usury within Louisiana's historical interest and usury law, C.C. art. 2924, fixing maximum contractual interest (with some exceptions) at 8% per annum and allowing simple recovery of interest paid at a higher rate, nor within La.Acts 1855, No. 291 § 2 (the source of today's La.R.S. 9:3501[2]), which declared forfeited the entire interest contracted in excess of the Civil Code's 8% maximum.
Just as Louisiana's 1855 and earlier interest and usury laws plainly do not provide the exclusive remedy for abuse of the 1968 legislative creature called a "revolving loan plan" allowing more than double ordinary interest, defendant argues, the cited federal statute, derived from Act of June 3, 1864, c. 106, § 30, equally never intended to and does not apply to such then unheard-of credit utilizations to the exclusion of the state Act which created them.
The basic question presented is whether defendant's petition in reconvention states *743 a cause of action, i.e., some entitlement to relief. Defendant's recital of a state statute (or other source of law) is not a factor in deciding this question. Louisiana's tradition as a fact-pleading state is maintained and strengthened in its present law, La.C.C.P. arts. 854, 862, 865, and 2164. If state law or federal law (on usury, 12 U.S.C. § 86, or on "Truth in Lending", 15 U.S.C. § 1640(a) ) entitles defendant to relief on the facts presented, his reconventional demand states a cause of action.

STATE LAW

Applicability
Unless 12 U.S.C. § 86 excludes the applicability of state law, defendant does state a cause of action under La.Acts 1968, Ex.Sess., No. 24, or at least for return of interest paid under La.C.C. art. 2924.
In our opinion, the federal law penalizing national banks for usurious interest, in its historical context, does not make ineffective against such banks special state statutory provision against exceeding interest rates specially authorized in the same statute. Overcharging beyond the special rates does constitute usury but an aggravated kind of usury.[3]
We agree with defendant's argument that, in a historical sense in which even the 18% simple interest authorized by the 1968 state law would be gross usury on an ordinary loan, our problem is not a simple one of interest and usury.
Indeed it is far from a case of simple loan between borrower and lender when a Louisianian visiting Hawaii, or Mexico, or France, makes a purchase from some small shopkeeper using a BankAmericard. Nor is it as simple as a three-party transaction, such as use of a letter of credit issued by a local bank and directed to a foreign bank. There are evidently at least four parties involved, the fourth being the Bank Americard corporation of which plaintiff national bank describes itself as a licensee.
The role of the licensor and its interest are not disclosed. It is not alleged to be a national bank and any pre-emption of state law by federal law for national banks seems inapplicable to it.
We are unable to conclude, with plaintiff bank, that 12 U.S.C. § 86 is exclusively applicable.[4]

1968 Act Invalidity
Nevertheless, the state statute on which both plaintiff and defendant rely cannot be given effect. What is reported in La.Acts 1968, Ex. Sess., as Act No. 24 is not law because it does not contain the enacting clause which La.Const, art. 3, § 7 [5] *744 requires to distinguish legislative action as law rather than mere resolution or some other act. Complete absence of the enacting clause renders the statute invalid; see O'Rourke v. O'Rourke, 69 So.2d 567 (La. App. 1954) (rev'd in part on other grounds, 1955, 227 La. 262, 79 So.2d 87).
La.Acts 1968, Ex. Sess., No. 24 is null.

Other State Law
Another possible source of a cause of action, but only if 12 U.S.C. § 86 does not afford a cause of action (e.g., because a BankAmericard transaction is not a "note, bill, or other evidence of debt", or because the BankAmericard corporation retains some interest, under its licensing agreement, not governed by 12 U.S.C. § 86), is La.C.C. art. 2924, allowing recovery of paid usurious interest.

FEDERAL LAW
We agree with the bank that 12 U.S.C. § 86[6] provides double usurious interest actually paid as the exclusive penalty for properly disclosed (and therefore known) ordinary interest overcharges collected by a national bank. While making unpaid usurious interest uncollectible, this statute has been interpreted to make set-off of paid usurious interest unavailable against the principal debt to the bank; Barnet v. Muncie Nat. Bank, 98 U.S. 555, 25 L.Ed. 212 (1879) (but compare John R. Alley & Co. v. Federal Nat. Bank, 10 Cir. 1942, 124 F.2d 995).
We add that interest charges (whether or not usurious and whether or not paid) required by federal law to be but not fully disclosed may give rise to a separate cause of action under 15 U.S.C. § 1640(a) [7] for twice the finance charge plus costs and reasonable attorney's fees.
State courts have jurisdiction under either cited federal statute; 12 U.S.C. § 94 and 15 U.S.C. § 1640(e).
But the bank argues that an action under 12 U.S.C. § 86 for double interest paid cannot be brought by way of counterclaim, citing Barnet, supra, and several other Supreme Court decisions.
These decisions, antedating the Federal Rules of Civil Procedure, declared a procedural rule which is not controlling today; John R. Alley & Co. v. Federal Nat. Bank, supra. Fed.R.Civ.P. 13(a) now makes a claim for penalty under 12 U.S.C. § 86 a compulsory counterclaim in an action *745 by a national bank on the debt on which the usurious interest was paid.
Thus under 12 U.S.C. § 86 double usurious interest actually paid is recoverable by this counterclaim and, additionally, under 15 U.S.C. § 1640(a) "twice the amount of the [not properly disclosed] finance charge in connection with the transaction" (even if unpaid) is recoverable. Conceivaly, if usurious interest was both paid and not properly disclosed, the payer might recover four times the paid amount (twice from each statute) plus attorney's fees.
We conclude that defendant's demand as plaintiff in reconvention, though perhaps subject to an exception of vagueness, has at least stated a cause of action.
Finally we mention that the exception of no right of action, "or no interest in the plaintiff to institute the suit", La.C. C.P. art. 927(5), is without merit. It is precisely and exclusively the person charged interest who has the right and interest to sue for the penalties provided for overcharge, usury or nondisclosure.
The judgment is reversed and the exceptions overruled. Plaintiff is to bear the costs of this appeal.
BAILES, J., dissents.
PER CURIAM.
Plaintiff complains that we have prejudged, on exceptions, the merits of defendant's claim relative to usury. We did not so intend. Our hedge-words ("indicates", "may have", "apparently") were intended to leave open, to both parties, all questions on plaintiff's accounting. Our reference to plaintiffs accounting allegations, where defendant's reconventional demand's sufficiency was alone at issue, was to show the context in which defendant's somewhat vague allegations become more understandable as assertive of a cause of action.
Plaintiff also complains of our holding void La.Acts.1968, Ex.Sess., No. 24 when neither party attacked it. Whatever the merits of the theory that the constitution is inoperative against an unconstitutional law unless the unconstitutionality has been specially pleaded in the trial court, this theory is not applicable here. This Act is not an unconstitutional law. It is no law, not because its provisions contravene constitutional provisions, but because the Legislature never enacted it into law.[1]
Rehearing is denied.
NOTES
[1] In our opinion, as a matter of law, the law (La.C.C. art. 2164) which ascribes an unspecified payment first to interest can only be construed to mean lawful interest. Not even an unenforceable natural obligation, La.C.C. art. 1757(2), arises from a promise to pay usury; Rosenda v. Zabriskie, 4 Rob. 493 (La. 1843). Accordingly, even if one had agreed to usurious interest, C.C. art. 2164 would not attribute his payments to usurious interest because another law (La.R.S. 9:3501, ordinarily) forfeits all interest and therefore no interest would be due and the entire payment should be attributed to principal.
[2] " § 3501. Forfeiture of interest

"Any contract for the payment of interest in excess of that authorized by law shall result in the forfeiture of the entire interest so contracted."
[3] E. g., Louisiana's Small Loan Law, La. R.S. 6:571-593 (also repealed and replaced in 9:3510 et seq. by La.Acts 1972, No. 454), allowed a rate which exceeded 42% per annum on loans up to $150, but deprived the overcharging lender of all right to collect interest and principal, § 583. If a national bank (by whatever device) uses a state small loan law (or the credit card law here involved) in order to exempt itself from ordinary usury law, it should not, in justice, be heard to claim sanctuary in ordinary usury law when it exceeds even multiplemaximum rates such as 42%.
[4] Assuming that 12 U.S.C. § 86 were exclusively controlling, its double-interestpaid would be the exclusive penalty. We leave open the question whether a state law provision for attorney's fees is a provision for a penalty and therefore also pre-empted, or merely a provision enabling this cost of litigation to be recovered from the losing party like other costs. First Nat. Bank v. Howard, 59 Okl. 134, 138 P. 438 (1916), which refused attorney's fees as unprovided by 12 U.S.C. § 86 (then R.S. 5198), does not address the question (yet awarded other costs, which are equally unprovided by 12 U.S.C. § 86).
[5] "The style of the laws of this State shall be: `Be it enacted by the Legislature of of Louisiana.' It shall not be necessary to repeat said enacting clause after the first section of an act."

The usual practice of labeling intended law as "An Act" (in addition to using the enacting clause), while resolutions may be labeled "A Concurrent Resolution", might logically distinguish law. So might "A Bill" or "Law". Louisiana's constitution, however, has specified another formula, and thus "An Act" (or other label) is constitutionally insufficient to enact law.
[6] "§ 86. Usurious interest; penalty for taking; limitations.

"The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries wit it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: Provided, That such action is commenced within two years from the time the usurious transaction occurred."
[7] "§ 1640. Civil liabilityFailure to disclose

"(a) Except as otherwise provided in this section, any creditor who fails in connection with any consumer credit transaction to disclose to any person any information required under this part to be disclosed to that person is liable to that person in an amount equal to the sum of
"(1) twice the amount of the finance charge in connection with the transaction, except that the liability under this paragraph shall not be less than $100 nor greater than $1,000; and
"(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with a reasonable attorney's fee as determined by the court."
[1] Questioning whether a bill became law "in the manner prescribed by the Constitution of the state" [Colorado], Portland Gold Mining Co. v. Duke, 191 F. 692, 696 (8 Cir. 1911) declares "Whether it did or not is a judicial question, to be determined by the court, and arises whenever the act is drawn in question, whether made an issue by pleading or not."