[No. 48222–5.    En Banc.    May 13, 1982.]

DETONICS ".45" ASSOCIATES, ET AL, *Petitioners,* v.
THE BANK OF CALIFORNIA, *Respondent.*

*Mark S. Elgot* and *Murphy & McGowan,* for petitioners.

*Dale B. Ramerman* and *Bogle & Gates,* for respondent.

DOLLIVER, J.—Plaintiff Detonics ".45" Associates entered into a loan agreement with defendant Bank of California, N.A. The loan was repaid. Subsequently this action was brought in which plaintiffs alleged the loan to be usurious under RCW 19.52. At trial, the arguments made by both plaintiffs and defendant were to the applicability of Washington statutes. At the conclusion of the trial, the court found the agreement to be usurious and in its oral opinion allowed attorney fees. Time was granted by the court to calculate those fees. Defendant moved for reconsideration and in its supporting memorandum for the first time claimed that, since it was a national bank, state law was preempted and federal law alone controlled. 12 U.S.C. §§ 85, 86 (1976).

The trial court agreed and held the penalty provisions of 12 U.S.C. § 86 preempted the penalty provisions of RCW 19.52.030. It also held that since the statute (12 U.S.C. § 86) did not provide for an award of attorney fees none could be granted to plaintiffs. Plaintiffs appealed only from the failure of the court to award attorney fees. The Court of Appeals affirmed. *Detonics ".45" Assocs. v. Bank of Cal.,* 30 Wn. App. 179, 633 P.2d 114 (1981).

Plaintiffs raise a number of issues, many of which were discussed by the Court of Appeals. The dispositive issue and the only one we need consider is whether 12 U.S.C. § 86 of The National Bank Act preempts the state system so as to prevent the granting of attorney fees.

The penalties for usury under The National Bank Act are in 12 U.S.C. § 86:

The taking, receiving, reserving, or charging a rate of interest greater than is allowed by section 85 of this title, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: *Provided,* That such action is commenced within two years from the time the usurious transaction occurred.

RCW 19.52.030 provides for the penalties which shall be paid when a usurious rate of interest has been charged and also that

the debtor shall be entitled to costs and reasonable attorneys' fees plus the amount by which the amount he has paid under the contract exceeds the amount to which the creditor is entitled . . .

Since plaintiffs did not appeal the finding by the trial court that "12 U.S.C. § 85 and 86 preempted the penalty provisions of R.C.W. 19.52.030", this becomes the law of the case. The exact question before this court is whether attorney fees are a penalty and thus preempted.

It is settled law that 12 U.S.C. § 86 preempts all state penalties for usury in a suit against a national bank. *See McCollum v. Hamilton Nat'l Bank,* 303 U.S. 245, 82 L. Ed. 819, 58 S. Ct. 568 (1938); *Farmers' & Mechanics' Nat'l Bank v. Dearing,* 91 U.S. 29, 23 L. Ed. 196 (1875). As was stated in *First Nat'l Bank v. Nowlin,* 509 F.2d 872, 881 (8th Cir. 1975), "[P]enalties for usury committed by a national bank are governed by the National Bank Act. . . . To hold otherwise . . . would jeopardize the national banking system".

Only two cases have been cited to us by counsel and we have found no others which address the question of whether, in the context of The National Bank Act, attorney fees are to be considered costs or penalties. An early case, *First Nat'l Bank of Stigler v. Howard,* 59 Okla. 134, 158 P.

438 (1916), held attorney fees were disallowed which were included in the judgment and not taxed as costs. In dicta, the court stated there was no provision for attorney fees in the federal banking statutes and thus disallowed them. A more recent case stated it was an open question as to whether a provision for attorney fees is a provision for a penalty or merely a provision enabling the cost of litigation to be recovered from the losing party like other costs. *First Nat'l Bank of Commerce v. Eaves*, 282 So. 2d 741 (La. App. 1973).

In considering the applicability of attorney fees in state statutes in an action in federal courts, the Supreme Court has said:

> "[I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." 6 J. Moore, Federal Practice ¶ 54.77[2], pp. 1712–1713 (2d ed. 1974) . . .

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31, 44 L. Ed. 2d 141, 95 S. Ct. 1612 (1975). Usury statutes and the allowance of attorney fees in usury cases represent a "fundamental policy" of this state. *O'Brien v. Shearson Hayden Stone, Inc.*, 90 Wn.2d 680, 586 P.2d 830 (1978); RCW 19.52.005.

In Washington, the question of whether attorney fees are costs or a penalty is settled. Attorney fees are considered costs of litigation. *State ex rel. Macri v. Bremerton*, 8 Wn.2d 93, 111 P.2d 612 (1941); *Bakke v. Buck*, 21 Wn. App. 762, 587 P.2d 575 (1978); *see* 1 S. Speiser, *Attorneys' Fees* § 12:15 (1973). Given the policy of the state to allow attorney fees in usury cases and the fact they are considered to be costs rather than penalties, the only question remaining is whether the granting of these costs in a usury case under The National Bank Act would in some way "jeopardize the national banking system". *First Nat'l Bank v. Nowlin, supra* at 881.

In determining whether state laws have been pre-empted, the United States Supreme Court has said:

In the final analysis, there can be no one crystal clear distinctly marked formula. Our primary function is to determine whether, under the circumstances of this particular case, [state] law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.

*Hines v. Davidowitz*, 312 U.S. 52, 67, 85 L. Ed. 581, 61 S. Ct. 399 (1941). More specifically, dealing with national banks, the Supreme Court stated:

[A] national bank is subject to state law unless that law interferes with the purposes of its creation, or destroys its efficiency, or is in conflict with some paramount federal law.

*Lewis v. Fidelity & Deposit Co.*, 292 U.S. 559, 566, 78 L. Ed. 1425, 54 S. Ct. 848, 92 A.L.R. 794 (1934).

We see no conflict between the provisions of RCW 19.52-.030, providing for attorney fees as costs in the event of usury, and The National Bank Act, nor do we believe the statutory allowance of attorney fees in any way jeopardizes the national banking system. Parenthetically, it should be noted that costs other than attorney fees were awarded by the trial court. This was not objected to by defendant although under its interpretation of 12 U.S.C. § 86, statutory costs as well as attorney fees would also appear to be barred.

The rate of interest charged by defendant was usurious under state law and thus also usurious under 12 U.S.C. § 85. The *penalties* which plaintiffs may recover are determined by 12 U.S.C. § 86; *costs,* including attorney fees are allowable under RCW 19.52.030.

The Court of Appeals is reversed and the case is remanded to the trial court for the determination of reasonable attorney fees for the plaintiffs.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, WILLIAMS, DORE, DIMMICK, and PEARSON, JJ., concur.