723 P.2d 244

**Joe L. SPARKS, Petitioner,**

v.

**Hon. Joseph E. CALDWELL, District Judge, Respondent.**

No. 16364.

Supreme Court of New Mexico.

Aug. 5, 1986.

Stephen Natelson, Taos, for petitioner.

Alcott & Weisfeld, Eugene Weisfeld, Taos, for real party in interest.

**OPINION**

FEDERICI, Justice.

This case is before us by petition for an alternative writ of prohibition directed to respondent district judge. This Court granted the alternative writ, ordering respondent to refrain from proceeding further in Taos County Cause No. 85–259 CV, and ordering respondent to show cause why the writ should not be made permanent. We now make the writ permanent.

In 1971, petitioner and Peggy June Lewis Sparks (Peggy Sparks) were divorced in Taos County Cause No. 8862. The District Court of Taos County retained jurisdiction of Cause No. 8862 to modify the decree of divorce only insofar as custody of children and child support are concerned. In October 1985, Peggy Sparks filed against petitioner a separate action in Taos County Cause No. 85–259 CV. Petitioner was personally served in the State of Washington, where he now resides. In Cause No. 85–259 CV, Peggy Sparks seeks a declaration of her interest in petitioner's military retirement pay, and to have the retirement pay apportioned between herself and petitioner.

Petitioner appeared before respondent judge in Cause No. 85–259 CV and moved to dismiss the action for want of personal jurisdiction. Peggy Sparks objected to the motion. The issue before us is whether respondent erred in denying petitioner's motion to dismiss for want of personal jurisdiction. Petitioner is not presently and was not at the time Cause No. 85–259 CV was filed, a resident of nor domiciled in New Mexico, nor has he consented to the district court's jurisdiction.

In *Norris v. Saueressig,* 104 N.M. 76, 717 P.2d 52 (1986), we reviewed the history of our rule that military retirement pay is community property. We discussed the role of the Uniformed Services Former Spouses' Protection Act (10 U.S.C. § 1408 (1982)) (Act), in that history. The Act permitted return to what had been the law in

New Mexico prior to the United States Supreme Court's holding in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981).

The Act provides in Subsection 1408(c)(1) that:

> *Subject to the limitations of this section*, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court. (Emphasis added.)

Subsection 1408(c)(4) specifically limits application of Subsection (c)(1). It requires that a court have jurisdiction over the member, and it limits the bases upon which this jurisdiction may be founded. Subsection (c)(4) enumerates the jurisdictional bases as follows:

> A court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.

 As previously stated, petitioner is not presently and was not at the time Cause No. 85–259 CV was filed, a resident or domiciliary of New Mexico, nor has he consented to the district court's jurisdiction. These facts, alleged in the verified petition for an alternative writ of prohibition, are not contested. Furthermore, the continuing jurisdiction of the court in Taos County Cause No. 8862 cannot avail respondent in Cause No. 85–259 CV. The court's continuing jurisdiction in Cause No. 8862 extended only to child custody and child support matters. *Cf. Zarges v. Zarges*, 79 N.M. 494, 445 P.2d 97 (1968). Therefore, under the Act, the district court lacks personal jurisdiction to determine the status of petitioner's retirement pay under Section 1408(c)(1).

Neither can jurisdiction be predicated upon the New Mexico Long-Arm Statute (NMSA 1978, § 38–1–16). The New Mexico Long-Arm Statute is preempted by the federal law, Section 1408(c)(4).

The district court lacks personal jurisdiction over petitioner. The alternative writ of prohibition is made permanent. The cause is remanded to the district court for dismissal of the cause of action.

IT IS SO ORDERED.

RIORDAN, C.J., and STOWERS, J., concur.