766 P.2d 133

**Berit Elizabet McHUGH,
Plaintiff/Appellant,**

v.

**Richard Gregory McHUGH,
Defendant/Respondent.**

No. 16703.

Supreme Court of Idaho.

Dec. 8, 1988.

Schwam & Schwam, Moscow, for plaintiff/appellant. Andrew M. Schwam, argued.

Robert P. Tunnicliff, Moscow, for the defendant/respondent.

HUNTLEY, Justice.

Berit Elizabet McHugh appeals the trial court's order refusing to entertain her motion to award her a portion of respondent Richard McHugh's military retirement pension as community property, pursuant to the Uniformed Services' Former Spouses' Protection Act (USFSPA) 10 U.S.C. § 1408.

Berit and Richard McHugh were married in 1972. In 1979, Mrs. McHugh filed for divorce, while both parties were domiciled in Idaho, listing "Navy Retirement" as an asset to be divided which had been acquired during marriage. Richard McHugh filed an Answer and Counterclaim, section V of which Answer states in relevant part:

> Defendant prays that the Court make an equal distribution of the community property of the parties after being fully advised of the values thereof and the debts related thereto.

Paragraph VI of his Counterclaim reads as follows:

### VI

> That during the marriage of these parties, numerous and extensive debts have been acquired. That Counterclaimant prays that the Court enter an Order transferring over and unto Counterclaimant all separate property and making an equal distribution of the community property of the parties, after being fully advised of the values thereof and the debts related thereto

In short, Mr. McHugh's Answer and Counterclaim expressly subjected himself and both the separate and community property to the jurisdiction of Idaho's court system.

Prior to the divorce trial, the U.S. Supreme Court decided *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), wherein it held that military retirement benefits were, pursuant to congressional statute, separate property.[1] The di-

---

1. *Idaho had previously allowed for consideration of military retirement benefits as community property, to the extent they had accrued during marriage. Ramsey v. Ramsey, 96 Idaho 672, 535 P.2d 53 (1975).*

vorce trial was held in November 1981, one year after Richard McHugh moved to Maine, and during the effective period of *McCarty, supra.* In April 1982, the district court entered its decree of divorce, making no division of Mr. McHugh's military retirement benefits because of the *McCarty* decision having withdrawn the military retirement benefits from the subject-matter jurisdiction of state courts. At no time throughout this proceeding has Mr. McHugh ever sought to withdraw his appearance in Idaho's court system.

The USFSPA, P.L. 97–252, 10 U.S.C. § 1408, enacted September 8, 1982, became effective February 1, 1983 and, by its terms, the act was made retroactive in effect to one day before the date of the *McCarty* decision, rendering *McCarty* void *ab initio.* The USFSPA returned to the states the right to consider the division of military retirement benefits in accordance with their own laws. The Idaho Supreme Court acknowledged the act's effectiveness by restoring the status of military retirement benefits as community property, to the extent accrued in a community property state, in *Griggs v. Griggs,* 107 Idaho 123, 686 P.2d 68 (1984). In that year, and while the original property division and support orders were still on appeal before this Court, Mrs. McHugh filed a motion with the district court to divide the military retirement benefits which had accrued during her marriage to Mr. McHugh. The trial court did not act upon this motion prior to this Court rendering its decision and remittitur regarding the initial property division and support orders in April, 1985. *McHugh v. McHugh,* 108 Idaho 347, 699 P.2d 1361 (1985).

The district court heard Mrs. McHugh's motion to divide the military retirement benefits on January 17, 1986, and on October 3, 1986, denied the motion, ruling both that "[t]his matter was tried and no issue was ever raised with regard to a division of the military retirement funds" and that "the motion now to reopen is a collateral attack upon a matter that has been fully adjudicated by the court and is not proper. The court does not have the jurisdiction to consider the matter." The trial court never addressed the combined effect of *McCarty, supra* and the USFSPA upon the jurisdiction of Idaho's courts. It focused upon which matters had been tried during the trial in November, 1988, instead of upon whether the case was open and uncompleted as to the military pension issue.

At the time Mrs. McHugh filed her motion to receive her share of the pension, the Idaho courts clearly possessed both personal and subject-matter jurisdiction over Mr. McHugh, by way of the divorce proceeding, as this Court had yet to rule on the property and support issues before it on appeal, and as the finality of a trial court judgment is suspended pending appeal. It is axiomatic that jurisdiction continues for the duration of an action or until extinguished by some event, once it has been properly attained. *Ward v. Lupinacci,* 111 Idaho 40, 720 P.2d 223 (Ct.App.1986). Further, this Court has recognized that the USFSPA does apply in any case not finalized at the time the Act became effective. In *LeVine,* we noted that jurisdiction need not have been reserved in that instance, as the appeal was still pending:

> [W]e need not reach the issue of whether the magistrate properly reserved jurisdiction here. In *Ratkowski v. Ratkowski,* 108 Idaho 355, 699 P.2d 1369 (1985), this Court held that the FUSFSPA applies in any case in which an appeal was pending, and therefore no final judgment entered, as of the effective date of that act.

*Levine v. Spickelmier,* 109 Idaho 341, 344, 707 P.2d 452, 455 (1985). As in *LeVine, supra,* jurisdiction was reobtained by Idaho's courts over the military retirement benefits once the USFSPA became effective, as the case was still before this Court on appeal at that time. Mr. McHugh's answer and counterclaim subjected him to the total jurisdiction of Idaho's courts.[2]

**2.** There has been expressed some concern that the court never truly obtained jurisdiction of the subject matter of this dispute (i.e., the military retirement pension) until the enactment of the USFSPA. Mr. McHugh expressly consented to such jurisdiction over the subject-matter by way

It is important to remember that causes of action based upon complaints for divorce are actions in equity. *Rudd v. Rudd,* 105 Idaho 112, 666 P.2d 639 (1983). Further, [e]quity having obtained jurisdiction of the subject matter of a dispute, will retain it for the settlement of all controversies between the parties with respect thereto and will grant all proper relief whether prayed for or not." *Boesiger v. Freer,* 85 Idaho 551, 563, 381 P.2d 802, 809 (1963). General maxims of equity dictate that "once the equitable jurisdiction of the court has attached, the court should retain jurisdiction to resolve all portions of the dispute between the parties and render equity to all parties...." *Barnard & Son, Inc. v. Akins,* 109 Idaho 466, 469, 708 P.2d 871, 874 (1985). See also, *Huddleson v. Huddleson,* 187 Cal.App.3d 1564, 232 Cal.Rptr. 722, 727 (1986), wherein the court noted the special treatment courts accord in equity actions, stating that an action to divide an omitted asset in the context of a divorce proceeding is an action in equity, and that such does not seek to modify or reopen the previous final judgment of dissolution. *Id.* 232 Cal.Rptr. at 727. See also, *Casas v. Thompson,* 42 Cal.3d 131, fn. 4 at 141–42, 228 Cal.Rptr. 33, 720 P.2d 921 (1986).

We can see no reason why Mr. McHugh, who has already expressly subjected himself to the personal and subject matter jurisdiction of the Idaho courts with regard to all aspects of community and separate property division, may validly claim that he must again be served with process under the USFSPA.[3] Admittedly, had the appeal been completed, remittitur issued, and final judgment entered, Mrs. McHugh may have

had to file a new action under the USFSPA in Maine, but such a second action would be improper where there is a current action pending.

In summary, Mr. McHugh consented to (and, indeed, asked for) Idaho's jurisdiction over all aspects of his divorce proceedings. Such consent was never extinguished prior to the date Mrs. McHugh's motion to divide the pension was made. Accordingly, we reverse and remand to the trial court for proceedings to divide the military retirement pension, to the extent accrued during marriage, as community property. In making that division, the court is entitled to exercise its discretion in dividing the pension either equally or unequally, based upon due consideration of the value of the assets and liabilities previously divided or assumed. Costs to appellant, no attorney fees awarded.

BISTLINE and JOHNSON, JJ., concur.

BISTLINE, Justice, specially concurring.

At one time I, too, had somewhat the same concerns as Justice Bakes and Justice Shepard.

An ounce of caution being worth a pound of cure, by expending a modicum of energy in betaking myself to the clerk's office, I discovered in the original file a plaintiff's motion filed in this Court on April 29, 1987, requesting that we temporarily suspend the appeal and remand the case for the purpose of allowing the trial court to pass upon plaintiff's motions filed in the trial

---

of his answer and counterclaim. We also note, however, that California's courts have reasoned in *Aloy v. Mash,* 38 Cal.3d 413, 212 Cal.Rptr. 162, 696 P.2d 656 (1985), "[t]he result is that, for most purposes [after the enactment of the USFSPA], *McCarty* not only is not the law but never really was." 38 Cal.3d 413, 421–22, 212 Cal.Rptr. 162, 696 P.2d 656. Adherence to the rule in *Aloy, supra,* precludes any possible confusion regarding when and how subject matter jurisdiction was obtained, lost, or required, as, under the holding of that case, trial courts never really lacked jurisdiction to dispose of military retirement pensions in accord with their own state laws, but were merely operating under the mistaken belief that such was the case. See

also, *In Re Marriage of Floweree,* 195 Cal.App.3d 1438, 241 Cal.Rptr. 307, 309 (1987). We prefer to refrain from adopting such a teleogical understanding of subject-matter jurisdiction. ·

**3.** 10 U.S.C. § 1408(c)(1), (4) provides:

A court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (a) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (b) his domicile in the territorial jurisdiction of the court, or (c) his consent to the jurisdiction of the court.

court to modify the divorce decree, particularly the property dispositions thereof by including the military retirement benefits. The motion was based upon a statutory change in Idaho law, ch. 68, 1987 Idaho Sess. Laws 122, effective March 24, 1987, and the Uniform Services Former Spouses Protection Act. When the motion came before the Court membership, only two votes, Huntley, J. and Bistline, J. favored the remand. Hence there was none.

Clearly the plaintiff, through her counsel, was correct in seeking the remand so that the trial court would again be vested with jurisdiction to entertain the motion.[1] In fact, there was no other course open to the plaintiff. In short, she did all that she could do, and two of the Court members who voted against the remand apparently do not remember—or at least do not mention—that at one time the opportunity was presented to remand the case to the proper court for the resolution of the issues. Today those same two Court members do not agree with the majority's opinion for the Court.

This may present, if I may coin a phrase, an outstanding example of (certain members of) the judiciary being judicially estopped.

SHEPARD, Chief Justice, dissenting.

This litigation began in 1979. Since that time there have been enumerable proceedings before the trial court, and two appeals to this Court, together with numerous motions and special proceedings. Plaintiff brought proceedings to enforce the judgment of the trial court in the courts of Maryland and Maine. Special proceedings were brought through military channels of the federal government to seize portions of the defendant's military pay.

The trial court entered the decree of divorce in March 1982. An appeal from that decree was filed by defendant. No appeal or cross-appeal was filed by plaintiff. The opinion of this Court issued April 11, 1985, and the only issues raised on that appeal

are set out in that opinion, *McHugh v. McHugh*, 108 Idaho 347, 699 P.2d 1361 (1985), and do not include any issue pertaining to a division of defendant's military retirement.

On October 2, 1986, the trial court entered the following order:

Plaintiff has moved to reopen a divorce proceeding to modify the division of property and award a portion of the defendant's military retirement to her as community property.

This matter was tried and no issue was ever raised with regard to a division of the military retirement funds.

A complicated division of all other property was entered into and the matter was appealed to the Supreme Court. The Supreme Court remanded the matter back to make additional findings on the question of the amount of support to be awarded for the children and to correct a mathematical error in the values attributed to the property divided.

In all other respects the decree was affirmed.

This Court is of the opinion that the motion now to reopen is a collateral attack upon a matter that has been fully adjudicated by the Court and is not proper. The Court does not have the jurisdiction to consider the matter.

In my view the trial court was eminently correct. This case was initially argued before this Court on October 12, 1984. On September 8, 1982, Congress had enacted the Uniform Services Former Spouses Protection Act, 10 U.S.C. § 1408. It was only after the appeal had been argued and submitted to this Court that plaintiff went to the *district court* seeking an amendment of the divorce decree dividing the military pension rights.

As noted, the trial court correctly denied the motion on the basis that it was a collateral attack upon a matter fully litigated, and that the trial court had no jurisdiction to consider the matter. "Once an appeal is

---

1. Prior Idaho case law is convincing that when a given case is pending before the appellate court, all jurisdiction is vested solely in that

appellate court, until and unless it remands the case back to the inferior court from which it came.

taken from the district court, the district court is divested of jurisdiction, except to take action in aid of the appeal." *First Security Bank v. Neibaur,* 98 Idaho 598, 604, 570 P.2d 276 (1977), citing *Coeur d'Alene Turf Club, Inc. v. Cogswell,* 93 Idaho 324, 461 P.2d 107 (1969); 7 *Moore's Federal Practice,* § 60.30(2) (2d ed. 1975); 4 Am. Jur.2d *Appeal and Error* § 352. *See also Avondale Irrigation District v. North Idaho Properties, Inc.,* 99 Idaho 30, 577 P.2d 9 (1978).

The majority cites *LeVine v. Spickelmier,* 109 Idaho 341, 707 P.2d 452 (1985) as authority for the result obtained by the majority. *LeVine* is simply not applicable to the facts of this case. In *LeVine* the issue of military retirement was properly before the trial court. The trial court noted that federal legislation on the question was then pending before the Congress, and the trial court reserved jurisdiction of the question of division of the military pension rights. The facts of *LeVine* are a far cry from those of the instant case. While doubts, as expressed by Bakes, J. in *LeVine,* may exist as to the propriety of such reservation of jurisdiction, nevertheless that procedure was affirmed by this Court in *LeVine.* In the instant case no appeal was taken on the issue of the division of the military retirement pension. Indeed, it was only after the case had been submitted to this Court for decision that the question of military retirement benefits was raised, and it was then raised before the trial court which had been clearly divested of jurisdiction by the appeal.

It is argued in the majority that Mr. McHugh subjected himself to the jurisdiction of this Court for the purposes of the initial divorce proceedings, and the first appeal to this Court. That argument is correct, but is simply inapplicable in the case at bar. Since the inception of the divorce proceedings, Mr. McHugh has been a resident of Maine, not of Idaho. While he subjected himself to the jurisdiction of the Idaho courts in the original divorce action, and the initial appeal, none of those proceedings purported to dispose of Mr. McHugh's retirement income. The district court, on remand from this Court, had only

jurisdiction to consider the matters remanded to it by the opinion of this Court. As to the remainder of the cause, as well noted by the district court, the principles of *res judicata* prevented additional issues being raised in the district court.

The congressional enactment specifically limits jurisdiction as follows:

A court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of

a) his residence, other than because of military assignment, in the territorial jurisdiction of the court,

b) his domicile in the territorial jurisdiction of the court, or

c) his consent to the jurisdiction of the court.

10 U.S.C. 1408(c)(1), (4).

Thus, even assuming that Mrs. McHugh's failure to appeal from the original divorce decree does not render it *res judicata* as to all issues raised in Mr. McHugh's appeal, and their subsequent disposition by this Court and the district court, nevertheless there is no jurisdiction in the courts of Idaho to entertain the instant action.

Mr. McHugh has not been a resident of Idaho, nor has he been within the territorial jurisdiction of the court since the initiation of the original divorce proceedings. Consequently, the district court had no authority in the instant proceedings to render a personal judgment against Mr. McHugh. Any petition for a division of military retirement benefits as a community asset is a wholly separate independent action, and not a subsequent proceeding within the original dissolution action. *Henn v. Henn,* 26 Cal.3d 323, 161 Cal.Rptr. 502, 605 P.2d 10 (1980). In *Sparks v. Caldwell,* 104 N.M. 475, 723 P.2d 244 (1986), the parties had been divorced in New Mexico, and the court had retained jurisdiction to modify the decree of divorce as to custody of the children, and as to child support. The former husband was no longer a resident of the state of New Mexico. When the wife

sought declaration of her interest in the husband's military retirement pay, it was held that the court did not have personal jurisdiction over the former husband. *See also Tarvin v. Tarvin,* 187 Cal.App.3d 56, 232 Cal.Rptr. 13 (1986).

In *Ramsey v. Ramsey,* 96 Idaho 672, 535 P.2d 53 (1975), I joined the majority of the Court in holding that military retirement pay was a community asset to be divided upon divorce. Holdings of the United States Supreme Court overturned the effectiveness of the *Ramsey* decision, but in turn the actions of Congress have effectively overturned the holdings of the United States Supreme Court. In effect, the wisdom of the majority in *Ramsey* has been reaffirmed. Nevertheless, I do not view the congressional action as a basis for reopening every Idaho divorce action which fell within that time framework wherein a spouse was a member of the military service. Particularly in the instant case do I view such a reopening as being improper. The initial action was filed more than nine years ago, the decree of the trial court was entered nearly seven years ago, and the decision of this Court was entered three and one-half years ago. The parties should not be divorced only from each other, but should also be divorced from this interminable litigation.

The doctrine of *res judicata* should be used to finalize this litigation, and the holding of the trial court in that regard should be affirmed. In any event, the courts of this state have long since been divested of any jurisdiction over the instant litigation.

BAKES, Justice, dissenting:

The majority opinion is premised, I believe, on the assumption that if the Idaho district court had jurisdiction over Mr. McHugh sufficient to satisfy the due process clause of the United States Constitution, that it also had jurisdiction over his retirement benefits under the Uniformed Services Former Spouses Protection Act (USFSPA), 10 U.S.C. § 1408. However, a careful review of that Act will demonstrate that that assumption is incorrect.

The USFSPA limits the jurisdiction to divide military retirement pay to the state of the serviceman's residence or his domicile (unless he consents to the jurisdiction of the court, which will be discussed later). Under a due process analysis if a defendant has minimum contacts with a state, the state may assert jurisdiction over him regardless of where his residence or domicile may be. However, under 10 U.S.C. § 1408(c)(1) and (4), jurisdiction over the military retirement pay of servicemen is restricted to the state of his residence or domicile unless he consents to jurisdiction elsewhere. The purpose for the congressional limitation on the jurisdiction of state courts to adjudicate and dispose of a portion of a serviceman's military retirement benefits was to prevent a serviceman from having to travel all over the United States, or for that matter the world, in order to defend his rights to his military retirement benefits. To permit the plaintiff in this case to assert her claim in the Idaho courts will violate the federal statute, in my opinion.

The procedural facts of this case are not controverted. The parties were married on February 14, 1972, while domiciled in the State of Maryland. Subsequently, the husband's military duties brought them to the State of Idaho. The wife filed for divorce in Idaho on November 19, 1979, while both parties were residing and domiciled in Idaho. The husband appeared in the divorce action and filed an answer and counterclaim. In 1980, while the divorce was pending in the Idaho district court, the husband was reassigned to military duty in the State of Maine. The case was tried in the Idaho district court on October 13–16, 1981.

Prior to the trial in this case in October of 1981, the United States Supreme Court on June 26, 1981, issued its opinion in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), holding that under federal law the retirement benefits of a serviceman were his separate property, and his spouse had no property right in them.

At the trial of this case on October 13, 1981, the plaintiff neither introduced evi-

dence nor made any claim to the military retirement benefits of Mr. McHugh, apparently because of the United States Supreme Court's decision in *McCarty*. The trial court issued its decree on March 1, 1982, and as the majority opinion correctly points out, the trial court made "no division of Mr. McHugh's military retirement benefits because of the *McCarty* decision having withdrawn the military retirement benefits from the subject matter jurisdiction of the state courts." *Ante* at 134. After several post trial motions, an appeal was taken by Mr. McHugh on December 3, 1982. Mrs. McHugh did not appeal from the trial court's decree, which made no division of Mr. McHugh's future military retirement benefits. On appeal the trial court's decision was affirmed, except for two items—a mathematical calculation, and a remand for a more specific finding on child support. *McHugh v. McHugh*, 108 Idaho 347, 699 P.2d 1361 (1985).

While the appeal from that divorce decree was pending in this Court the United States Congress on September 8, 1982, enacted the Uniformed Services Former Spouses Protection Act (USFSPA), 10 U.S.C. § 1408, effective February 1, 1983. Part of that act provided that:

> "[1](c)(1) *Subject to the limitations of this section,* a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court."

Thus, effective February 1, 1983, the Congress of the United States returned jurisdiction to the state courts to divide "disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, . . . in accordance with the law of the jurisdiction of such court." However, that return of subject matter jurisdiction to the state courts was *"subject to the limitations of this section. . . ."* Those limitations were set out in subsection (c)(4), which reads as follows:

> "[c](4) A court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court."

On December 26, 1984, nearly two years after the effective date of the USFSPA, and while the appeal from the original divorce decree was still pending in this Court, Mrs. McHugh filed a motion with the district court and asked the district court to assert jurisdiction over Mr. McHugh's military retirement benefits and "divide the community portion of the Defendant's military pension rights." [2] When Mrs. McHugh filed her motion requesting the Idaho court to assert jurisdiction over Mr. McHugh's military retirement benefits, Mr. McHugh had for more than three years been residing in and domiciled in the State of Maine.

**2.** *The motion, in its entirety, reads as follows:*

"DISTRICT COURT, SECOND JUDICIAL DISTRICT
STATE OF IDAHO, LATAH COUNTY

| | |
|---|---|
| BERIT ELISABET McHUGH, ) | |
| ) | |
| Plaintiff, ) | Case No. 15589 |
| ) | |
| v. ) | MOTION TO DIVIDE PENSION |
| ) | |
| RICHARD GREGORY McHUGH, ) | |
| ) | |

"Plaintiff moves the court to divide the community portion of defendant's military pension rights. This asset was not dealt with in the trial, the Findings and Conclusions, or Decree. Plaintiff requests that this be done by amending the

Under 10 U.S.C. § 1408(c)(1) and (4), the Idaho courts could not obtain jurisdiction over Mr. McHugh's military retirement pay. As the majority opinion itself acknowledges, under *McCarty* and prior to February 1, 1983, when the Act of Congress took effect, the Idaho court did not have subject matter jurisdiction of "Mr. McHugh's military retirement benefits because the *McCarty* decision [had] withdrawn the military retirement benefits from the subject matter jurisdiction of the state courts." *Ante* at 134. However, contrary to the assertion in the majority opinion, 10 U.S.C. 1408 did not render "*McCarty* void *ab initio*." *Ante* at 134. Rather, effective February 1, 1983, the Congress merely extended to state courts jurisdiction to "treat disposable retired or retainer pay *payable to a member for pay periods beginning after June 25, 1981*, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 U.S.C. § 1408(c)(1) (emphasis added). Stated another way, after February 1, 1983, state courts had subject matter jurisdiction to divide military retirement pay *received after June 25, 1981*. However, that grant of jurisdiction on February 1, 1983, was "subject to the limitations of [subsection (c)(4)]," which stated that "a court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, ... (B) his domicile ..., or (C) his consent to the jurisdiction of the court." The Idaho courts had no subject matter jurisdiction of the military retirement pay prior to February 1, 1983, as the majority opinion itself acknowledges. When Congress finally gave subject matter jurisdiction to the state courts on February 1, 1983, no state court could "treat disposable retired or retainer pay ... in accordance with the law of the jurisdiction of such court ... unless the court has jurisdiction over the member by reason of (A) his residence, ... (B) his domicile ..., or (C) his consent to the juris-

diction of the court." When Mrs. McHugh filed her motion on December 26, 1984, Mr. McHugh refused to consent to the Idaho court assuming subject matter jurisdiction over his military retirement pay.

The original complaint filed by Mrs. McHugh in 1979 alleged that the military retirement of Mr. McHugh was acquired with their joint earnings, and therefore was community property and requested an equitable division of that retirement benefit. However, no evidence in support of that claim, either as to her entitlement or the amount of any such claim, was introduced at trial, and as the district court pointed out in its decision, "This matter was tried and no issue was ever raised with regard to the military retirement funds." The divorce decree entered by the district court after trial awarded her no interest in the retirement benefits, and she took no appeal from that judgment. Thus, having asserted the claim in her complaint, and then failing to produce any evidence to support it, the issue was abandoned. When she took no appeal from the judgment, that decision was the law of the case, and *res judicata*. "[T]he doctrine of *res judicata* applies not only as to all matters decided, but also as to 'every matter which might and should have been litigated in the first suit.'" *McQuillen v. City of Ammon*, 113 Idaho 719, 721, 747 P.2d 741, 743 (1987), *quoting Duthie v. Lewiston Gun Club*, 104 Idaho 751, 753, 663 P.2d 287, 289 (1983). *Accord Austin v. Fulton Ins. Co.*, 498 P.2d 702 (Alaska 1972) (where implied holding of the trial court was not disputed on appeal, it became the law of the case); *Sand Springs Home v. State ex rel. Dept. of Highways*, 536 P.2d 1280 (Okla.1975) (unappealed findings and conclusions of trial court became the law of the case); *Detonics ".45" Associates v. Bank of California*, 97 Wash.2d 351, 644 P.2d 1170 (1982) (*en banc*) (unappealed trial court's finding became the law of the case); *Vigil v. Spokane County*, 42 Wash.App. 796, 714 P.2d 692 (1986) (application of 3–year statute of

Decree, by Supplementary Decree, or by new Judgment as the court deems appropriate.

"DATED: this 26th day of December, 1984."

limitations, to which defendant did not object in trial court, became law of the case despite argument on appeal that catchall 2–year statute applied); *South Hill Sewer Dist. v. Pierce County*, 22 Wash.App. 738, 591 P.2d 877 (1979) (where issue was abandoned on appeal, the trial court's order in that regard became the law of the case). *See also Angel v. Bullington*, 330 U.S. 183, 189, 67 S.Ct. 657, 661, 91 L.Ed. 832 (1947) ("If a litigant chooses not to continue to assert his rights after an intermediate tribunal has decided against him, he has concluded his litigation as effectively as though he had proceeded through the highest tribunal available to him.").

The district court was correct in concluding that the motion to divide the military pension was "a collateral attack upon a matter that has been fully adjudicated by the Court ...," and that "the Court does not have the jurisdiction to consider the matter." First, Mrs. McHugh had made a claim to the military retirement benefits in her original complaint, but failed to produce any evidence to support that claim at trial, and the original judgment gave her no relief on that claim in her complaint. As the district court correctly noted, the district court decree had not been appealed by the plaintiff Mrs. McHugh and had been affirmed on appeal by the Supreme Court except for a mathematical correction, and a remand for additional findings on child support. Accordingly, the property distribution was the law of the case and *res judicata* and could not be collaterally attacked. *McQuillen v. City of Ammon, supra; Angel v. Bullington, supra.* Furthermore, the motion to divide the pension, which was made over two years after the entry of the decree, did not assert any legal grounds for reopening under I.R.C.P. 60(b), nor did the motion set out any factual allegations asserting any right to relief under that rule. Accordingly, the district court did not have any basis for modifying its prior decree which had been affirmed by the Supreme Court.

More importantly, however, at the time that the plaintiff Mrs. McHugh filed the Motion to Divide Pension on December 26, 1984, and asserted a claim to the military pension rights, 10 U.S.C. § 1408(c)(1) and (4) did not give the Idaho courts subject matter jurisdiction over Mr. McHugh's military retirement pay, because Mr. McHugh was a resident of and domiciled in the State of Maine. For that additional reason, the judgment of the district court should be affirmed.

The majority opinion argues that because the Idaho court acquired personal jurisdiction over Mr. McHugh in 1979 as a result of his being served with process in Idaho, and by his filing an answer and counterclaim in the action, that he has consented to the jurisdiction of the Idaho court to adjudicate adverse claims to his military retirement pay within the meaning of 10 U.S.C. §.1408(c)(4). Thus, the majority opinion states,

"We can see no reason why Mr. McHugh, who has already expressly subjected himself to the personal and subject matter jurisdiction of the Idaho courts with regard to all aspects of community and separate property division, *may validly claim that he must again be served with process under USFSPA.* [Footnote omitted.] Admittedly, had the appeal been completed, remittitur issued, and final judgment entered, Mrs. McHugh may have had to file a new action under the USFSPA in Maine, but such a second action would be improper where there is a current action pending." *Ante* at 135 (emphasis added).

However, Mr. McHugh is not merely arguing that "he must again be served with process under USFSPA." Rather, he asserts that under USFSPA the claim against his military retirement benefits can only be litigated in Maine, the state of his residence and domicile at the time the claim is asserted. If Mr. McHugh's objection to jurisdiction was based solely upon the due process clause of the fifth amendment, then the majority might be correct in concluding that the Idaho courts had continuing *in personam* jurisdiction of Mr. McHugh, subject to his *res judicata* defense. However, that is not the issue in this case. The issue is whether or not when Mrs. McHugh filed her motion on December 26, 1984,

requesting the Idaho courts to assert subject matter jurisdiction and divide Mr. McHugh's military retirement benefits, had the limitations set out in 10 U.S.C. § 1408(c)(4) been met. In my view they had not. At that time Mr. McHugh was not a resident of Idaho, was domiciled in the State of Maine, and did not consent to the subject matter of the Idaho Court over his military retirement benefits. Under that act of Congress, the only state which could assert such jurisdiction over those military retirement benefits of Mr. McHugh was the State of Maine.

The primary purpose of the Congress in enacting 10 U.S.C. § 1408(c)(4) was to place a geographical limitation on where a serviceman would have to go to defend claims against his military retirement pay. Even though a court might be able to assert personal jurisdiction over a military serviceman for some purposes without violating the due process clause of the United States Constitution, in order to litigate a claim to military retirement pay the congressional geographical limitation set out in 10 U.S.C. § 1408(c)(1) and (4) must also be satisfied. Congress required the claimant to go to the state of residence of the serviceman rather than requiring the serviceman to go to the jurisdiction where the claimant chose to sue, even though the exercise of *in personam* jurisdiction in that state would not offend the due process clause (the minimum contacts analysis) of the fifth amendment to the United States Constitution. The protection which Congress intended to give servicemen by 10 U.S.C. § 1408(c)(1) and (4) is thwarted by today's decision.