[No. 12840-7-III.    Division Three.    June 28, 1994.]

AMBER ROBERTS, ET AL, *Respondents*, v. MURIEL
BECHTEL, ET AL, *Appellants*.

*James D. Maloney* and *Weeks & Skala,* for appellants.

*David A. Thorner, Bryan G. Evenson,* and *Thorner, Kennedy & Gano, P.S.,* for respondents.

MUNSON, J. — Muriel and Anthony Bechtel appeal the order awarding attorney fees to Amber and Randall Roberts as expenses for opposing a frivolous counterclaim, RCW 4.84.185. Ms. Bechtel contends (1) the release and stipulation in settlement of the claims precluded a claim for attorney fees; (2) Ms. Roberts was not a prevailing party; and (3) the counterclaim was not frivolous.

The underlying lawsuit arose out of a collision in which the left front fender of Ms. Bechtel's vehicle struck the right rear of Ms. Roberts' vehicle when Ms. Roberts stopped suddenly. Ms. Bechtel was attempting to move to the right lane. Just before the collision she looked to her right for traffic and failed to see Ms. Roberts' car stopping. She was able to apply her brakes before the collision.

Immediately after the collision, Ms. Roberts told Ms. Bechtel the car in front of her had stopped, she did not see any brake lights, she slammed on her brakes and barely missed it. Both Ms. Roberts and her passenger said Ms. Roberts had failed to see the car stopping in front of them until the passenger pointed it out.

Ms. Roberts sued Ms. Bechtel for negligence and Ms. Bechtel filed a counterclaim against Ms. Roberts. Ms. Bechtel alleged Ms. Roberts' sudden stop caused the collision and was the result of Ms. Roberts' negligent inattention and failure to see the vehicle in front of her. Ms. Roberts' insurance company provided her an attorney to represent her on the counterclaim.

The claims between Ms. Roberts and Ms. Bechtel were settled; Ms. Roberts received payment of $13,000; in exchange she released Ms. Bechtel "from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever . . . which have resulted or may in the future develop from an accident, which occurred on or about the 22nd day of July, 1990 . . .". Attorneys for both parties signed a stipulation that "all causes herein, as between Roberts and Bechtel, have been fully settled and compromised and that this matter should be dismissed with prejudice and without costs."

Less than a month later Ms. Roberts moved for an award of expenses, including attorney fees for representation on the counterclaim, under RCW 4.84.185,[1] alleging Ms. Bech-

---

[1]RCW 4.84.185 provides:

"In any civil action, the court having jurisdiction may, upon written findings by the judge that the action, counterclaim, cross-claim, third party claim, or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of

tel's counterclaim was frivolous. The court awarded Ms. Roberts $1,382.80 incurred in representing her on the counterclaim. Ms. Bechtel appeals.

Ms. Bechtel contends the award of expenses is precluded by the terms of the release and settlement. We agree.

■ "A written stipulation signed by counsel on both sides of the case is binding on the parties and the court." *Riordan v. Commercial Travelers Mut. Ins. Co.*, 11 Wn. App. 707, 715, 525 P.2d 804 (1974). It is undisputed Ms. Roberts, through her counsel, stipulated the matter should be dismissed without costs. Attorney fees are considered costs of litigation. *Detonics ".45" Assocs. v. Bank of Cal.*, 97 Wn.2d 351, 644 P.2d 1170 (1982). The court was bound by the stipulation precluding an award of costs.

Ms. Roberts has not moved to set aside the settlement of her claims, nor does she allege Ms. Bechtel failed to perform her obligation under their agreement. The language of the release is plain and unambiguous; Ms. Roberts released Ms. Bechtel from any and all claims resulting or developing from the accident. The claim of frivolous litigation is a claim arising from the accident.

■ Ms. Roberts argues the stipulation and release do not preclude an award of fees for the defense attorney provided by her insurance carrier because this attorney neither participated in settlement negotiations nor signed the stipulation. RCW 4.84.185 authorizes an award to the prevailing party. The insurance company is not a party to this litigation.

Ms. Roberts seeks an award of attorney fees for this appeal. She is not the prevailing party. The request is denied.

attorneys, incurred in opposing such action, counterclaim, cross-claim, third party claim, or defense. This determination shall be made upon motion by the prevailing party after a voluntary or involuntary order of dismissal, order on summary judgment, final judgment after trial, or other final order terminating the action as to the prevailing party. The judge shall consider all evidence presented at the time of the motion to determine whether the position of the nonprevailing party was frivolous and advanced without reasonable cause. In no event may such motion be filed more than thirty days after entry of the order.

"The provisions of this section apply unless otherwise specifically provided by statute."

688

Reversed.

THOMPSON, C.J., and SCHULTHEIS, J., concur.